**Carl L. FINAN, Appellant,**

v.

**Sherman H. CROUSE et al., Appellees.**

**No. 8266.**

United States Court of Appeals
Tenth Circuit.

Nov. 12, 1965.

William C. McGehee, Denver, Colo., for appellant.

Richard H. Seaton, Asst. Atty. Gen. of Kansas (Robert C. Londerholm, Atty. Gen. of Kansas, with him on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

Petitioner sought a writ of habeas corpus in the federal district court of Kansas on the sole grounds that ninety days had elapsed since filing in the Kansas state court his Motion to Vacate Sentence and Judgment, and the state court had neither heard nor docketed the motion, thus depriving him of due process of law. This appeal is from an order of the lower court denying the writ on the grounds that state remedies had not been exhausted nor shown unavailable or ineffective to vouchsafe his rights.

Petitioner, represented by appointed counsel, was convicted on a guilty plea to nine counts of second-degree burglary and larceny and sentenced under the Kansas Habitual Criminal Act, K.S.A. 21–107a (1964) to serve from ten to twenty years in the Kansas State Penitentiary where he is presently confined. No appeal was taken from the judgment and sentence to the Kansas Supreme Court, but availing himself of the post-conviction remedy provided by K.S.A. 60–1507, petitioner moved the sentencing court to vacate his sentence and judgment on the grounds that timely notice of the state's intention to invoke the Kansas Habitual Criminal Act had not been given. While the motion was pending, he filed this habeas corpus petition in the federal court. A rule to show cause was issued, and the state Attorney General's return attached the state court's order denying the motion. Petitioner did not and does not deny the disposal of his motion. The trial court denied this petition on the grounds that

appeal from the denial of the motion lies in the Supreme Court of Kansas and time for taking appeal had not expired.

On this appeal petitioner raises a myriad of points relating to his mental condition at the time of sentencing, adequacy of representation and his understanding of his rights in the state criminal proceedings. There is nothing in this record to indicate that any of these matters have ever been presented to the Kansas sentencing court or that they would not be cognizable there. He certainly cannot raise them for the first time in the federal court in the absence of showing the unavailability of an adequate state court remedy. It is sufficient to the disposition of this case that the allegations to the effect that the delay in the state court has amounted to denial of due process are unsupported by the record, and the trial court properly discharged the writ. See Kelly v. Crouse, 10 Cir., 352 F.2d 506.

Judgment is affirmed.