**Theodore WAY, Appellant,**

v.

**Sherman H. CROUSE, Warden, Kansas State Penitentiary, Appellee.**

**No. 415–69.**

United States Court of Appeals, Tenth Circuit.

Feb. 9, 1970.

Leslie L. Conner, Oklahoma City, Okl., (Conner, Little & Conner, Oklahoma City, Okl., on the brief), for appellant.

Edward G. Collister, Jr., Asst. Atty. Gen., of Kansas (Kent Frizzell, Atty. Gen., Topeka, Kan., on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

MURRAH, Chief Judge.

Way is confined in the Kansas State Penitentiary, serving sentences imposed in October, 1967, upon his plea of guilty to second degree burglary, and possession of a firearm after conviction of a felony.

In a habeas corpus petition filed in the federal district court in April, 1969, he alleged that his appeal from the conviction and sentence had not yet been docketed in the Kansas Supreme Court, eighteen months after sentencing,[1] and that he had been discriminatorily denied reasonable bail pending appeal.

Treating the claimed denial of bail as the sole substantive allegation, the court dismissed the petition on the ground that the claim had not been first presented to the state courts by a motion to vacate under K.S.A. 60–1507. Regarding the effectiveness of that remedy the court stated:

> "Merely because the Kansas Supreme Court has not heard Way's appeal does not *ipso facto* render his remedy by way [of] 60–1507 inadequate or ineffective. This court will not assume that the Kansas courts will construe § 1507 in such manner as to make it inadequate or ineffective."

This court has previously addressed the problem of delays in state court appeals, albeit in connection with post-conviction litigation and not in direct appeals. In Jones v. Crouse, 360 F.2d 157 (10th Cir. 1966), we held that without knowing the facts and circumstances giving rise to a delay of six months in an appeal from denial of a § 1507 motion, the federal district court could not properly conclude that the petitioner's state remedies were adequate and effective. And we have repeatedly recognized that an inordinate, excessive and inexcusable delay may very well amount to a denial of due process cognizable in federal court. See, e. g., Smith v. State of Kansas, 356 F.2d 654 (10th Cir. 1966), cert. denied, 389 U.S. 871, 88 S.Ct. 154, 19 L.Ed.2d 151 (1967).

 Just as a delay in the adjudication of a post-conviction appeal may work a denial of due process, so may a like delay in the determination of a direct appeal. The question presented here is in what court should petitioner seek vindication of his asserted constitutional grievance. In our view, Way properly resorted to the federal court, which should not, without knowing the facts and circumstances of the eighteen-month delay, have required him at this late

---

1. In a motion for rehearing, Way alleged that on June 21, 1968, eight months after his conviction, the state supreme court directed the sentencing court to appoint counsel to represent Way on appeal, and that on November 5, 1968, that court did so. Appointed counsel had not yet received a transcript of the proceedings as of the filing of the petition.

date to commence a completely new and independent proceeding through the very courts which are responsible, on the face of the pleadings, for the very delay of which he complains. "The concept of federal-state comity involves mutuality of responsibilities, and an unacted upon responsibility can relieve one comity partner from continuous deference. Moreover, the wait for action * * * must not be so exhausting as to frustrate its purpose. Patience is a virtue in the accommodation process of our federalism, but it is not inexhaustible." Dixon v. State of Florida, 388 F.2d 424 at 426 (5th Cir. 1968).

Since the submission of this case, we have been informed that the Kansas Supreme Court affirmed the sentencing court's judgment on December 6, 1969, 461 P.2d 820. It may well be that this case is now moot.

In any event, the order dismissing the petition is vacated and the case is remanded to the district court for further proceedings in view of the circumstances of the case.