### 19091

The STATE, Respondent, v. Marion LAGERQUIST, Richard B. Harding, Garlie Allen Black, Michael Ross, Louis Burell Pittman, Wallace Lee Campbell, Jr., Robert J. Howell, James Claude Goodman, William Glenn Younginer, O. L. Hayden and George Turner, Appellants.

(176 S. E. (2d) 141)

*Messrs. Wesley M. Walker, Herman E. Cox* and *Ernest J. Howard,* of Greenville, and *Hoke Smith* of Atlanta, Ga.,

*Messrs. Daniel R. McLeod, Atorney General,* and *C. Tolbert Goolsby, Jr.,* and *Joel E. Gottlieb, Assistant Attorneys General,* of Columbia, and *B. O. Thomason, Solicitor,* of Greenville, *for Respondent,*

July 30, 1970.

LEWIS, Justice.

Appellants were convicted in the Court of General Sessions for Greenville County of criminal conspiracy and served notice of intention to appeal to this Court. They subsequently moved to set aside their convictions on the grounds that delay of the court reporter in providing them with a transcript of the trial proceedings had deprived them of due process, equal protection of the laws, and the right to a speedy trial or remedy as guaranteed by the State and Federal Constitutions. This appeal is from the order of the lower court denying the motion to dismiss the convictions. We affirm.

A detailed review of the various facets of the factual controversy would serve no useful purpose. It is conceded that

appellants were convicted on March 29, 1967 and thereafter timely served notice of intention to appeal, which was followed by an immediate request for a transcript of the record from the court reporter. The trial consumed approximately nine (9) days and all parties recognized that the court reporter could not complete the trial transcript in time for appellants to timely perfect the appeal. Accordingly, a consent order was issued by the trial court extending the time for perfecting the appeal until sixty (60) days after the furnishing of the transcript. The appellants were admitted to bail pending the appeal.

The motion to set aside their convictions was made by appellants on December 11, 1969, approximately thirty-two (32) months after the initial request for the trial transcript. The motion followed two or three additional requests to the court reporter that the record be furnished. However, no application was ever made to the court for an order requiring that the court reporter transcribe the record more promptly.

It is undisputed that the transcript could have been sooner furnished, but was not because of other demands of court work upon the reporter and her judgment, mistaken perhaps, as to the priority to be accorded the various matters which demanded her attention. There is no showing that the delay was arbitrary or purposeful.

The transcript of the record was finally completed on February 5, 1970, eliminating the only impediment to the prosecution of the appeal on the merits.

Appellants contend that the delay (1) has denied them the right to a speedy trial and remedy guaranteed to them by Article 1, Sections 15 and 18 of the South Carolina Constitution and by the Sixth Amendment of the United States Constitution; and (2) has deprived them of due process and equal protection of the laws guaranteed to them by Article 1, Section 5 of the South Carolina Constitution and the Fourteenth Amendment to the United States Constitution.

While the trial transcript should have been furnished with greater dispatch, the record fails to show that the delay has deprived appellants of any constitutional rights.

The guaranties afforded by Article 1, Section 18 of the South Carolina Constitution and by the Sixth Amendment to the Constitution of the United States are inapplicable to an appeal. These provisions expressly state that the accused shall enjoy the right to a "speedy and public trial, by an impartial jury." The *trial* referred to means a trial by a jury to determnie guilt or innocence and does not include an *appeal* which is simply the method provided for review of the proceedings in a trial which has already been held.

Appellants contend however that Article 1, Section 15, of the South Carolina Constitution guarantees to them a "speedy remedy" which includes the right to a "speedy appeal." Citing *Rylee v. Marett,* 121 S. C. 366, 113 S. E. 483.

Article 1, Section 15, provides:

"All courts shall be public, and every person shall have speedy remedy therein for wrongs sustained."

The following statement is found in the *Rylee* case, upon which appellants rely:

"A lax observance of the very reasonable regulations prescribed by the statute and the rules of court for perfecting appeals can but lead to unnecessary delay in the final disposition of causes in our courts, and thus work infringement of the constitutional guaranty (section 15, art. 1, Const., 1895) that 'every person shall have speedy remedy therein for wrongs sustained.'"

In *Rylee,* the foregoing dicta was used with reference to an appeal in a civil case. The guaranty, in Article 1, Section 15, of a speedy remedy for wrongs sustained has no application to a criminal prosecution. The word *wrongs* embraces "every injury to or impairment of

rights of person or property." *Davis v. Whitlock,* 90 S. C. 233, 73 S. E. 171. *Remedy* simply denotes the means by which such a wrong is redressed in a civil proceeding. The application of Article 1, Section 15, to civil remedies *only* is clear, we think, when reference is made to Section 18 of Article 1. The latter section specifically refers to "criminal prosecutions" and guarantees to an accused "the right to a speedy and public trial." Such guaranty in Section 18 would have been unnecessary if it had been intended that Section 15 apply to criminal proceedings.

The foregoing does not mean however that the right of appeal is beyond the reach of constitutional protection. Where a right of appeal is granted, an accused must be afforded due process and equal protection of the laws in its exercise. Delay, which deprives an accused of the effective exercise of the right of appeal, may amount to a deprivation of such rights. The record before us, however, fails to show an infringement of any right of appellants to obtain appellate review of their convictions.

The only purpose in obtaining the transcript of the trial proceedings was to enable appellants to assert their right to an appellate review upon the merits of their convictions. The delay has not deprived them of that right. They may still assert it. Although delayed, there is no showing that the appeal upon the merits cannot be just as effectively prosecuted now as earlier. Therefore, the contention that they have been deprived of due process and equal protection of the laws is without merit.

Judgment affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.