**Elmer Jackson TRAMEL, Appellant,**

v.

**STATE OF IDAHO et al., Appellees.**

**No. 71-1273.**

United States Court of Appeals, Tenth Circuit.

May 10, 1972.

Frank Bryant, Denver, Colo., for appellant.

Martin R. Ward, Criminal Deputy Atty. Gen. (W. Anthony Park, Atty. Gen., Boise, Idaho, with him on the brief), for appellees.

Before LEWIS, Chief Judge, and HOLLOWAY and BARRETT, Circuit Judges.

PER CURIAM.

Tramel, a contract prisoner incarcerated at the United States Penitentia- ry at Leavenworth under agreement with the State of Idaho, 18 U.S.C. § 5003, filed a petition for a writ of habeas corpus in the federal district court for the District of Kansas alleging his Idaho conviction to be in derogation of his federal constitutional rights. In response to an order to show cause, Idaho represented to the federal court that some of petitioner's claims had never been presented to the state court and that others were then pending before the Idaho Supreme Court. The trial court dismissed the action for failure to exhaust state remedies as to such issues and this appeal followed from that portion of the trial court's judgment.

Although it is undisputed that Tramel has not exhausted his state court remedies it is equally true that inordinate and inexcusable delay in state court process may itself become a denial of due process. Way v. Crouse, 10 Cir., 421 F.2d 145. Tramel initiated post-conviction claims in 1967, he received a favorable procedural decision in 1968, Tramel v. State, 92 Idaho 643, 448 P.2d 649, but as yet has received no decision on the merits of his claims to an invalid conviction despite the pendency of four actions, one of which has been pending more than three years and the others more than two years. Although Idaho asserts such delay to be attributable to Tramel's own tactics (a contention denied by petitioner) we cannot nor could the trial court determine this issue upon the present record. Due to numerous extensions granted by the Idaho court and permission granted to counsel to withdraw on two occasions, it appears that no briefs have been filed even at this late date. We hold it necessary for the federal court to take jurisdiction and determine the cause of such delay.

The case is remanded to the district court with directions to hold an evidentiary hearing as to the cause of delay. The judgment is affirmed in all other respects.