**J. Loyd PARKER, Jr., Petitioner-Appellant,**

**v.**

**STATE OF TEXAS, Respondent-Appellee.**

No. 72-2514.

United States Court of Appeals, Fifth Circuit.

July 24, 1972.

Arthur Mitchell, Stephen M. Orr, Austin, Tex., for petitioner-appellant.

Crawford C. Martin, Atty. Gen., Austin, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

This is an application for bail pending appeal from dismissal, for failure to exhaust state remedies, of a Petition for Habeas Corpus relief.

We take note of the June 28, 1972 order-opinion of the Texas Court of Criminal Appeals and we agree that the course followed by the Federal District Court in his July 14, 1972 order dismissing the petition for failure to exhaust state remedies as to all of the claimed denials of constitutional protections was manifestly correct under Wheeler v. Beto, 5 Cir., 1969, 407 F.2d 816 and Harrison v. Wainwright, 5 Cir., 1970, 424 F.2d 633. The appeal from that order is therefore summarily dismissed [1] without prejudice to reasserting all points therein involved in any proceeding instituted in the Federal Court subsequent to the action of the Texas Court of Criminal Appeals.

In the telephone and oral conferences with both counsel, the Attorney General of Texas agreed with our reading of the order-opinion of the Court of Criminal Appeals that since the Federal proceedings have now been terminated by the District Court's order of July 14, 1972 (and the present dismissal of the appeal therefrom) the Court of Criminal Ap-

---

[1]. It is appropriate to dispose of this case summarily. See Groendyke Transporta-tion, Inc. v. Davis, 5 Cir., 1969, 406 F.2d 1158.

peals will now review the merits of the petitioner's constitutional claims on the present record, including that made on the post-conviction hearing before the Texas State Trial Judge.

Of course the rule of comity contemplates that the state court entertaining constitutional claims will act with dispatch. This Court is confident that the Texas Court of Criminal Appeals recognizes this and will decide petitioner's appeal without any undue delay. On such expectations in these circumstances comity dictates that the Federal appeal be dismissed. We therefore decline to enlarge petitioner on bail and remit his cause to a determination by the Courts of Texas.

This order is without prejudice to petitioner's filing appropriate new proceedings in the Federal District Court if the remedies available in the Texas Courts do not assure an adequate and prompt determination of petitioner's constitutional claims. 28 U.S.C.A. § 2254(b); Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

The mandate shall issue forthwith.

Bail pending appeal denied. Appeal dismissed.