**UNITED STATES of America ex rel. John SMITH, Petitioner-Plaintiff-Appellant,**

v.

**John TWOMEY, Warden, Respondent-Defendant-Appellee.**

**No. 73–1461.**

United States Court of Appeals, Seventh Circuit.

Heard Sept. 10, 1973.

Decided Sept. 18, 1973.

Rehearing En Banc Denied Nov. 15, 1973.

---

Marshall Patner, Kenneth N. Flaxman, Chicago, Ill., for appellant.

William J. Scott, Atty. Gen., Raymond McKoski, Asst. Atty. Gen., Chicago, Ill., for appellee.

Before CUMMINGS, PELL, and STEVENS, Circuit Judges.

PER CURIAM.

In this action, petitioner, an indigent inmate of the Illinois State penitentiary in Joliet, Illinois, sought a writ of habeas corpus for release from custody and also declaratory relief under the Civil Rights Act (42 U.S.C. § 1983). In a memorandum opinion, the case was dismissed. We affirm.

On May 27, 1970, petitioner received concurrent 20 to 40 year sentences from the Circuit Court of Cook County, Illinois, after a jury found him guilty of rape, armed robbery and aggravated kidnapping. He has been unable to obtain a bail bond pending his appeal, which is scheduled for oral argument before the Appellate Court of Illinois, First District, on September 21, 1973.

Petitioner first asserts that the delays in processing indigent appeals in the State of Illinois contravene the Fourteenth Amendment. Where inordinate delays have occurred in the state courts, federal courts must determine if they were justifiable. Dozie v. Cady, 430 F.2d 637 (7th Cir. 1970). Here the petition alleged that the procedural delays were chiefly occasioned by continuances ob-

tained by appointed counsel from the office of the Cook County Public Defender and not by the Illinois Appellate Court or the state appellate system. Thus although the notice of appeal from the judgment of the Circuit Court of Cook County was filed on June 26, 1970, petitioner's brief was not filed until September 12, 1972, after twelve extensions of time. However, petitioner admits that his "overworked" appointed counsel "worked hard" and filed a "strong" brief. It raises 15 issues and consists of 69 pages and obviously required lengthy preparation. The State's answering brief was filed on April 4, 1973. The district judge also noted that Illinois post-conviction and mandamus remedies had been available to petitioner if he was desirous of expedition.[1]

In resolving the Fourteenth Amendment arguments against petitioner, the district court stated:

"[T]his court cannot accept the argument that due process and equal protection require that an indigent who is furnished an otherwise full appellate remedy with free transcript and appointed counsel, is also entitled to the same time period for the processing of his appeal as the defendant who can pay for faster service by private counsel. Petitioner does not suggest any alternative to having the federal court transformed into a state criminal appeals court. Furthermore, another battery of appointed counsel would undoubtedly be necessary to handle the concurrent federal court habeas corpus proceeding. If state resources are inadequate to handle the load of cases or the appellate court is understaffed, the place to seek relief is the state legislature, not the federal courts."

It is not necessary to subscribe to all the implications of these views to conclude that no constitutionally prohibited discrimination has been alleged here.

Petitioner does not contend that the Illinois Appellate Court expedites non-indigent appeals. There is no contention that the State's Attorney's briefs are filed more expeditiously in such cases, nor is there an allegation that retained counsel prepare their briefs substantially more quickly than the Public Defender.

■ Petitioner sufficiently alleges that his appeal has been unconscionably delayed, but he does not tell us how long it takes to process a non-indigent appeal to the same court. Since "at least where wealth is involved, the Equal Protection Clause does not require absolute equality or precisely equal advantages" (San Antonio Independent School District v. Rodriguez, 411 U.S. 1, 24, 93 S. Ct. 1278, 1291, 36 L.Ed.2d 16) and no invidious discrimination has been alleged here, the district court properly concluded that no constitutional violation was made out.

This petitioner has received a free transcript and has also received the services of able appointed counsel. Indeed, the petition for habeas corpus describes the office of the Public Defender of Cook County as staffed by "highly motivated and competent attorneys." The petition contains a similar statement with respect to the staff of the State's Attorney of Cook County.

■ There are no existing delays at this time, and in his Illinois appellate brief petitioner has not assailed the prior delays. At the oral argument before us petitioner's federal counsel indicated satisfaction with the brief filed by the Cook County Public Defender's office in the Illinois Appellate Court and recognized that complex contentions were involved on appeal. In the absence of a contrary history, we cannot assume that the Illinois Appellate Court will not dispose of the appeal as soon as feasible after the coming oral argument. In view of the imminence of the presenta-

1. See People v. Rose, 43 Ill.2d 273, 253 N.E.2d 456 (1969); People ex rel. Cook v. Frye, 42 Ill.2d 270, 246 N.E.2d 254 (1969).

tion of this case to that Court, we do not deem it appropriate to interfere with the state appeal process.[2] Our intervention would not significantly accelerate resolution of petitioner's claims and consequently would have no practical effect. Nor can it meaningfully be said that the writ of habeas corpus is currently suspended if petitioner's state proceeding is now due for prompt resolution.

 However, we do not mean to suggest that no complaint alleging inordinate or discriminatory appellate delays could ever state a federal claim. To avoid federal intervention in future cases involving inordinate delays in processing state indigent appeals, the Chief Judge of the Circuit Court of Cook County (and, if necessary, the County Board) should require the official court reporters to produce speedier indigent trial transcripts and should ensure prompter filing of appellate briefs by the Public Defender of Cook County and by the State's Attorney of Cook County, even if appropriate personnel need be added to their staffs. As in this Court, appellate continuances should be sparingly granted. The rights announced in Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), and Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), cannot be allowed to become meaningless through understaffing of the state offices responsible for assuring those rights.

█ Finally, petitioner argues that he is entitled to a statement of reasons why the state courts denied his applications for bail. But in view of the seriousness of petitioner's crimes and the lengthy sentences imposed, there was a rational basis for denial of his request for bail pending appeal. As we recently held in United States ex rel. Walker v. Twomey, 484 F.2d 874 (7th Cir. 1973), federal courts will not require state courts to articulate reasons for denial of

release on bail where, as here, a petitioner has not borne the burden of overcoming the presumption of regularity of the state courts' actions.

The dismissal order is affirmed.

---

2. See United States ex rel. Wilson v. Rowe, 454 F.2d 585, 587, 589 (7th Cir. 1971); Koehler v. Ogilvie, 53 F.R.D. 98, 105 (three-judge court; N.D.Ill.1971), affirmed, 405 U.S. 906, 92 S.Ct. 938, 30 L.Ed.2d 777 (1972).