Jack RHEUARK, Petitioner-Appellant,

v.

WADE, State of Texas and Warden of Leavenworth Federal Prison, Respondents-Appellees.

No. 76–2510

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 22, 1976.

James L. Wurtz, Dallas, Tex. (Court-appointed), for petitioner-appellant.

Jack Rheuark, pro se.

Henry M. Wade, Crim. Dist. Atty., John B. Tolle, Asst. Crim. Dist. Atty., Dallas, Tex., Michael P. Carnes, U. S. Atty., Fort Worth, Tex., for respondents-appellees.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Appellant Rheuark here claims the district court wrongly dismissed his habeas corpus petition for failure to exhaust available state remedies. We vacate and remand for a determination of whether the delay in the processing of petitioner's direct appeal of his state conviction has been unjustifiable, relieving Rheuark from the exhaustion requirement of 28 U.S.C. § 2254(b).

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

A Texas grand jury indicted appellant for armed robbery in 1966. The state brought him to trial in November 1974; a jury found him guilty the following January, and he received sentence on February 10, 1975. He filed a notice of appeal.

Rheuark has attempted to challenge his robbery prosecution and conviction by means of a variety of papers sent to a variety of courts. Included among these is a federal habeas petition filed prior to his state trial in which he asserted that the detainer filed pursuant to his 1966 indictment violated his right to a speedy trial. On February 20, 1975, subsequent to Rheuark's conviction, the district court denied habeas relief for failure to exhaust state remedies, noting that a state appeal was pending.

Fourteen months later Rheuark filed the present petition, alleging speedy trial violations and other constitutional errors in the Texas robbery trial. On April 22, 1976, the district court again denied relief for failure to exhaust state remedies. The court noted that Rheuark's state appeal remained pending, but took no notice of his allegation that fifteen months of unexcused delay in preparing a transcript had rendered that avenue of state relief practically unavailable.

This court, interpreting the habeas exhaustion requirement, has recognized that "an inordinate and unjustified delay in the state corrective process may well result in the frustration of petitioner's rights and be such a circumstance as to render that process ineffective." *Dixon v. Florida,* 388 F.2d 424, 425 (5th Cir. 1968). The terms of 28 U.S.C. § 2254(b) state as much. In *St. Jules v. Beto,* 462 F.2d 1365 (5th Cir. 1972), the district court had denied habeas relief on exhaustion grounds over the petitioner's allegation that a state court had held his claim for collateral relief for seventeen months without disposition. This court, citing the principle recognized in *Dixon, supra,* remanded the case for a determination of the justifiability of the delay and, if unjustifiable, for a hearing on the merits. *See also Parker v. Texas,* 464 F.2d 572 (5th Cir.

1972); *Reynolds v. Wainwright,* 460 F.2d 1026 (5th Cir. 1972).

*St. Jules, supra,* provides the proper disposition for the instant appeal. That the delay here is in the state direct appeal process, rather than in the routes of post-conviction relief, is of no moment. *See Way v. Crouse,* 421 F.2d 145 (10th Cir. 1970). The effect of the delay on the person seeking relief is the same, as is the alleged breach of the responsibility the federalist relationship requires of both the central and state governments. As we have said, "[p]atience is a virtue in the accommodation process of our federalism, but it is not inexhaustible." *Dixon, supra,* 388 F.2d at 426.

Accordingly, we vacate the decision of the court below and remand with instructions to determine if the delay in preparing a transcript of Rheuark's state trial has been justifiable. If not, the district court should proceed to the merits of appellant's claim for habeas relief.

VACATED AND REMANDED.