John D. DOESCHER

v.

W. J. ESTELLE, Director, Texas
Department of Corrections.

No. CA3–77–584 F.

United States District Court,
N. D. Texas,
Dallas Division.

Aug. 10, 1978.

Tedford E. Kimbell, Janet L. Babcock, Allen, Knuths, Cassell & Short, Dallas Tex., for plaintiff.

John L. Hill, Atty. Gen., Joe Dibrell, Jack B. Boone, Gilbert J. Pena, Asst. Attys. Gen., Austin, Tex., for defendant.

## MEMORANDUM OPINION

ROBERT W. PORTER, District Judge.

John Doescher was convicted of aggravated robbery on March 12, 1975 in Criminal District Court No. 2 in Dallas, Texas and on March 20, 1975 the trial judge sentenced him to 75 years in prison. Doescher filed a timely notice of appeal on April 11, 1975 by filing a pauper's oath in which he requested the trial judge to appoint an attorney to represent him on appeal and to order the court reporter to prepare a statement of facts free of charge.

The statement of facts was completed on December 6, 1976, the record on appeal was approved by the Criminal District Court on January 19, 1977 and was forwarded to the Texas Court of Criminal Appeals on April 22, 1977 where it was received on April 25, 1977.

Doescher's case is still pending before the Texas Court of Criminal Appeals and no decision on the merits of his appeal has been rendered to this date. Doescher asserts in his appeal to the Texas Court of Criminal Appeals that: (1) the trial court erred in finding that the identification of the appellant by the witnesses was of an independent origin; (2) the trial court erred in not granting the appellant's motion to suppress items seized in the search of his home because the search warrant and its execution were legally insufficient; (3) the trial court erred in not granting appellant's motion to suppress items seized in the search of his home because his wife's consent and its execution were legally insuffi-

cient; and (4) he has been denied his right to speedy appeal.

On April 28, 1977 Doescher filed a writ of habeas corpus petition in the federal district court for the Northern District of Texas alleging that he had been denied his right to an effective appeal and the district court appointed counsel to represent the plaintiff on November 8, 1977. Plaintiff's amended complaint in the District Court alleges: (1) the official court reporter for Criminal District Court No. 2 denied Plaintiff his rights under the 14th Amendment to the U.S. Constitution by discriminatorily completing transcripts of non-indigent appellants before completing the transcript of Plaintiff; (2) all of the current defendants denied Plaintiff his right to a speedy appeal, as guaranteed by the Sixth Amendment made applicable to the states through the 14th Amendment, by failing to provide him with a transcript of his trial for a period of nearly two years; (3) all of the defendants denied Plaintiff due process of law by rendering his right of appeal ineffective by failing to provide him with a transcript of his trial for almost two years and by providing him with an inadequate and inaccurate record when it was provided; and (4) for violation of these rights, Plaintiff requests monetary and injunctive relief under 42 U.S.C. § 1983, including release from custody.

When a petitioner alleges an unjustified delay in processing his appeal, the court must, in appropriate circumstances, hold an evidentiary hearing to determine whether the delay was justified or unjustified. *Rheuark v. Wade,* 540 F.2d 1282 (5th Cir. 1976). Courts have evaluated various causes for delay in processing appeals, including, for example, delay in preparing transcripts to be sent to the appellate court, *Rheuark v. Wade,* 540 F.2d 1282 (5th Cir. 1976); *United States Ex Rel. Smith v. Twomey,* 486 F.2d 736 (7th Cir. 1973); *Courtney v. Sarver,* 440 F.2d 1197 (8th Cir. 1971); *Tramel v. State of Idaho,* 459 F.2d 57 (10th Cir. 1972), delay in preparing a case for appeal by a court appointed attorney, *Byrd v. Smith,* 407 F.2d 363 (5th Cir. 1969);

*Odsen v. Moore,* 445 F.2d 806 (1st Cir. 1971); *Henderson v. Cardwell,* 456 F.2d 150 (6th Cir. 1970); *Smith v. State of Kansas,* 356 F.2d 654 (10th Cir. 1966); *Kelly Crouse,* 352 F.2d 507 (10th Cir. 1965), and delays in handling an appeal once it reaches a higher court, *Parker v. State of Texas,* 464 F.2d 572 (5th Cir. 1972). If the court finds that the delay was unjustified, the court must consider the merits of the petitioner's claims for relief. *Rheuark v. Wade,* 540 F.2d 1282 (5th Cir. 1976); *Dixon v. State of Florida,* 388 F.2d 424 (5th Cir. 1968).

On April 10, 1978 I determined that under the reasoning of *Rheuark v. Wade,* 540 F.2d 1282 (5th Cir. 1976) I would first decide at an evidentiary hearing the limited questions of whether the delay in transmitting the record to the Texas Court of Criminal Appeals was justified or unjustified, and whether Doescher had been denied his asserted right to a speedy appeal. At that time I indicated that if I concluded that the delay was unjustified, I would consider the merits of Plaintiff's Constitutional claims for damages and habeas relief at a later hearing. An evidentiary hearing was held on April 18, 1978 and this opinion resolves the preliminary issues of whether the delay in transmitting the record to the Texas Court of Criminal Appeals was justified or not, and whether Doescher should be released because he has been denied his right to speedy appeal.

An action for Writ of Habeas Corpus is authorized by Title 28, U.S.C., Section 2254. A federal judge may entertain an application for Writ of Habeas Corpus on behalf of a person in custody pursuant to a state court judgment ". . . only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). An Application for Writ of Habeas Corpus may not be granted unless it is shown that the applicant ". . . has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of

the prisoner." 28 U.S.C. § 2254(b). The habeas corpus requirement that state remedies first be exhausted is not a jurisdictional prerequisite but is founded on the more flexible principles of comity. *Ballard v. Maggio,* 544 F.2d 1247 (5th Cir. 1977). A federal court postpones jurisdiction, rather than relinquishing it; and in some cases the need to assure prompt protection for federal rights may supercede the policy in favor of deference to the state. *West v. State of Louisiana,* 478 F.2d 1026 (5th Cir. 1973), *vacated on other grds.* 510 F.2d 363 (5th Cir. 1975).

An inordinate and unjustified delay in processing an appeal of a state criminal conviction can frustrate the petitioner's rights and render the appeal ineffective. 28 U.S.C. § 2254(b); *Rheuark v. Wade,* 540 F.2d 1282 (5th Cir. 1976); *St. Jules v. Beto,* 452 F.2d 1365 (5th Cir. 1972); *Dixon v. State of Florida,* 388 F.2d 424 (5th Cir. 1968). Other courts have also recognized a similar exception to the exhaustion requirement when there is an inordinate delay in the state post-conviction process. Inexcusable delay in processing an appeal may become a denial of due process and a district court should hold a hearing to determine the cause of the delay. *Tramel v. State of Idaho,* 459 F.2d 57 (10th Cir. 1972); *Jones v. Crouse,* 360 F.2d 157 (10th Cir. 1966); *Clark v. Crouse,* 352 F.2d 507 (10th Cir. 1965); *Finan v. Crouse,* 352 F.2d 507 (10th Cir. 1965). The Tenth Circuit has determined that unexplained delays of 18 months and 12 months in processing appeals entitled the petitioner to federal review of the habeas claims. *Way v. Crouse,* 421 F.2d 145 (10th Cir. 1970); *Smith v. State of Kansas,* 356 F.2d 654 (10th Cir. 1966).

The Eighth Circuit has also recognized that "when a state in effect closes its doors to a state prisoner and refuses to afford him due process on a habeas corpus claim, a federal court need not further delay its own process." *Courtney v. Sarver,* 440 F.2d 1197 (8th Cir. 1971). Delay by itself does not merit intervention of the Federal Court; only when that delay is a result of discrimination against the petitioner amounting to a denial of due process should federal intervention proceed to a hearing on the merits of the petitioner's claims. *Barry v. Siegler,* 373 F.2d 835 (8th Cir. 1967). A New York District Court held that if the state failed to promptly process a delayed hearing on petitioner's state appeal, it would reconsider its decision not to hear those claims. *United States v. Dros,* 260 F.Supp. 13 (S.D.N.Y.1966).

The Second Circuit has held that a delay of four years from the time of the filing of the notice of appeal to appellate argument was not the equivalent of a complete absence of effective state appellate process and therefore the appellant had to exhaust his state remedies before resorting to the appellate courts. *Ralls v. Manson,* 503 F.2d 491 (2nd Cir. 1974); *but see Roberson v. State of Conn.,* 501 F.2d 305 (2nd Cir. 1974) (after petitioner has exhausted his claim of denial of due process through undue delay is processing his appeal, district court must hear his asserted Constitutional claim).

The Seventh Circuit has held that where a petitioner asserts inordinate delays in processing his appeals the federal courts must determine whether those delays were justifiable. *Dozie v. Cady,* 430 F.2d 637 (7th Cir. 1970) (delay of 17 months in processing appeal); *United States Ex Rel. Smith v. Twomey,* 486 F.2d 736 (7th Cir. 1973) (petition dismissed because petitioner's claims then pending in state appellate court but Circuit ordered responsible officials to insure speedier processing of indigents' trial transcripts and filing of briefs).

The First Circuit has held that where an appellate court directly or indirectly has refused bail to an appellant, there should be an implicit obligation on the part of those in authority to permit, and where necessary to assist, in the prompt prosecution and disposition of the appeal, or if the appeal is delayed, the trial court should reconsider its bail determination. *Roque v. People of Puerto Rico,* 558 F.2d 17 (1st Cir. 1976); *Rivera v. Concepcion,* 469 F.2d 17 (1st Cir. 1972). When a prisoner had made repeated requests over a period of three years without success to spur his court appointed at-

torney and the courts to take action on his appeal, the First Circuit held that the federal district court should hold an evidentiary hearing to determine the substance of the petitioner's allegations. *Odsen v. Moore,* 445 F.2d 806 (1st Cir. 1971).

## I.

### DELAY IN PREPARING TRANSCRIPT: JUSTIFIED OR UNJUSTIFIED

A court must consider five factors in determining whether or not a delay in processing a prisoner's appeal is justified or unjustified: (1) the length of the delay; (2) the reason or justification for the delay; (3) whether and to what extent the Defendant demanded a more rapid appeal; (4) any prejudice resulting to the Defendant by the delay (such as post-trial confinement, worry, and the desire to limit the possibility that the Defendant's appeal will be impaired); and (5) comity.[1] It is impossible to determine with precision when a delay in processing an appeal is unjustified and the court must balance all of these factors in arriving at its decision. I have considered all of these factors in reaching my decision that the delay at the trial court level in preparing Doescher's transcript was unjustified.

*Length of Delay and Demand for Rapid Appeal*

The process of perfecting an appeal to an appellate court necessarily takes a certain amount of time to accomplish. The Texas legislature has recognized that transcription of any criminal proceeding should occur not later than 90 days after a notice of appeal has been filed with the trial court. Article 40.09(3) Tex.Code Crim.Pro. This is not an unreasonable delay in most cases and in many cases it may be necessary to obtain an extension of time to complete the transcription. The legislature has provided that a trial court may extend the time for filing the transcription "for good cause shown" as provided in the same statute.

Appeals do not occur instantaneously, and therefore a court reviewing a petitioner's complaint of unjustified delay in processing an appeal should first determine the length of the delay in the particular case. A short delay, in most cases, will be inevitable and the court may be able to determine as a matter of law that the length of the delay is so short that the claim of unjustified delay should be dismissed as justified. Conversely, the length of the delay may be so long that, absent a showing that the Defendant requested or expressly waived the delays, the court may be able to determine as a matter of law that the delay was unjustified.

The delay in processing Doescher's appeal was approximately a year and a half between the time he gave notice of appeal on April 11, 1975 and the time his statement of facts was completed on December 6, 1976 and a delay of two years from the time he gave notice of appeal until his transcript and appellate papers were received by the Texas Court of Criminal Appeals. In Texas, there is a distinction between a "statement of facts" and a "transcript." The "statement of facts" is the official record of all the proceedings that occur during the trial. The "transcript" includes the "statement of facts" as well as the indictment and all of the pleadings.

There were no requests to extend the time for filing the transcript and the trial court made no determination that the delay occurred for "good cause". Doescher made attempts to secure preparation of his statement of facts and processing of his appeal. I find that the delay that occurred in this case is substantial, though it is not so long as to merit a determination, by itself, that as a matter of law the delay was unjustified. The length of the delay, however, is the most important factor in my determina-

---

1. The first four factors are similar to those the court must consider in determining whether or not there has been a violation of a Defendant's right to speedy trial under the Sixth Amendment. *See Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The fifth factor is discussed by various courts. *See Parker v. State of Texas,* 464 F.2d 572 (5th Cir. 1972); *United States Ex Rel. Smith v. Twomey,* 486 F.2d 736 (7th Cir. 1973).

tion that the delay in processing Doescher's appeal at the trial court level was unjustified.

### Reason or Justification for the Delay

The court reporter, trial judge, and one county commissioner who testified in this case at a hearing on April 18, 1978, suggested two justifications for the delay in processing Doescher's appeal: (1) the court reporter had a pending backlog of statements of fact and transcripts to prepare for cases on appeal; and (2) insufficient funds were available to hire substitute court reporters to assist in reducing the backlog. Testimony indicated that as a result of an audit in the fall of 1973 soon after the trial judge's election to the bench, the judge and court reporter became aware that between thirty and thirty-five appeals had been pending in the trial court between a year and a half to two years awaiting transmittal to the Court of Criminal Appeals (this is two years before Doescher's conviction). The court requested the Dallas County Commissioners to fund additional court reporters to transcribe in-court testimony to enable the trial judge's regular court reporter to process this backlog of appeals. Some additional part-time court reporter assistance was provided to the court, but it was not sufficient to alleviate the backlog by the time of Doescher's appeal in 1975.

The Dallas County Commissioners are responsible for paying the court reporters employed by the Dallas County Criminal Court judges. The Commissioners did increase the budgetary allotment for Criminal District Court court reporters in Dallas County in 1975 and 1976, though a substantial portion of this increase in expenditure was federal money obtained to fund special "impact courts", funding which did not help to reduce the backlog of appeals.

In December of 1976 the Commissioners informed the Criminal Court judges by letter that all expenditures for additional court reporters would have to be approved by the Commissioners, an action which apparently had a chilling effect on the efforts of the trial judge in this case to reduce the backlog of appeals in his court.

■ I find that the reasons offered by the Defendants in this case do not justify a two year delay in processing Doescher's appeal at the trial court level. "(A) state is not required by the Federal Constitution to provide appellate courts . . . ", *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1955), but when an appeal is provided, as it is in Texas, it must meet the requirements of due process and equal protection. *Pate v. Holman,* 341 F.2d 764, 773, Fn. 10 (5th Cir. 1965). While a lack of funding and a previous backlog of appeals certainly merits consideration by the court and may justify some appeal processing delay, it does not justify a *two year* delay in this case.

### Prejudice to Defendant

Doescher is an indigent who is currently residing in jail awaiting the outcome of his appeal, as he has been doing for the past three years. He has none of the freedom of movement and association enjoyed by a person who is free on bail pending disposition of his appeal. The time spent in jail means a loss of job, disruption of family life, and enforced idleness. *Barker v. Wingo,* 407 U.S. 514, 532, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). If Doescher is successful on his appeal, it is possible that the delay in processing his appeal will prejudice his retrial because defense witnesses may be unavailable or dead.

### Comity

■ Judicial comity is the principle in accordance with which the courts of one jurisdiction will give effect to the laws and judicial decisions of another jurisdiction, not as a matter of obligation but out of deference and respect. BLACK'S LAW DICTIONARY (Rev. 4th Ed. 1968). In habeas corpus cases federal courts have always been reluctant to hear the merits of a state prisoner's complaint until the state courts have had an opportunity to pass on the prisoner's application for relief. C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 4264 (1978). The

leading case is *Ex Parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886) where the Supreme Court stated that:

> while the circuit court has the power to do so, and may discharge the accused in advance of his trial if he is restrained of his liberty in violation of the national constitution, it is not bound in every case to exercise such a power immediately upon application being made for the writ. *We cannot suppose that congress intended to compel those courts, by such means, to draw to themselves, in the first instance, the control of all criminal prosecutions commenced in state courts exercising authority within the same territorial limits, where the accused claims that he is held in custody in violation of the Constitution of the United States.* Ex Parte Royall, 117 U.S. 241, 251, 6 S.Ct. 734, 740, 29 L.Ed.2d 868 (1886) (emphasis added).

Comity is not as significant a factor if the delay in processing an appeal has occurred at the trial court level rather than at the appellate level. Compare *Rheuark v. Wade,* 540 F.2d 1282 (5th Cir. 1976) (15 month delay at trial court level requires justification hearing by federal court and possibly hearing merits of appeal), with *Senk v. Brierley,* 471 F.2d 657 (3rd Cir. 1972) (3½ year delay by state supreme court in hearing appeal warranted federal court consideration of habeas petition); *Parker v. State of Texas,* 464 F.2d 572 (5th Cir. 1972) (short delay before state supreme court not warrant federal court consideration of habeas petition where federal court confident state would act quickly on petitioner's appeal).

I therefore find that comity is no impediment to consideration of Doescher's habeas petition where the delay at the trial court level in his case was nearly two years, as compared with only 15 months in *Rheuark.* But see Section III of this opinion (comity does require permitting state appellate court additional time to act on Doescher's state appeal before federal court will entertain his habeas petition).

After full consideration of the delay in this case of two years at the trial court level in processing Doescher's appeal, the requests by the Defendant for a speedy appeal, the reasons for the delay, the prejudice to the Defendant who must remain in jail pending appeal, and comity, I find that the delay at the trial court level in processing Doescher's appeal was unjustified. *But see* Section III of this opinion (comity does require permitting state appellate court additional time to review Doescher's appeal before federal court will entertain Doescher's habeas petition).

## II.

### RIGHT TO A SPEEDY APPEAL

*Sixth Amendment Right to Speedy Appeal*

■ The Sixth Amendment to the Constitution guarantees that "(i)n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . ." U.S.Const. Amend. VI. The right to a speedy trial extends to the sentencing of a Defendant and an unreasonable delay in sentencing may constitute a violation of the Sixth Amendment. *Pollard v. United States,* 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); *United States v. Campbell,* 531 F.2d 1333 (5th Cir. 1976); *United States v. James,* 459 F.2d 443 (5th Cir. 1972); *Juarez-Casares v. United States,* 496 F.2d 190 (5th Cir. 1974). An early Supreme Court decision held that an appeal from a state judgment of conviction was not a matter of right, and was not a necessary element of due process. *McKane v. Durston,* 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894). This decision was followed in *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1953) and *Ortwein v. Schwab,* 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973). The word "trial" in the Sixth Amendment therefore does not include an appeal, but rather refers to a determination by the jury of guilt or innocence, *Colunga v. State,* 527 S.W.2d 285 (Tex.Cr.App.1975); *Zanders v. State,* 515 S.W.2d 907 (Tex.Cr.App.1974); *Cunningham v. State,* 484 S.W.2d 906 (Tex. Cr.App.1972); *State v. Lagerquist,* 254 S.C. 501, 176 S.E.2d 141 (1970), *cert. den.,* 401 U.S. 937, 91 S.Ct. 912, 28 L.Ed.2d 216

(1971); *State ex rel. Mastrian v. Tahash,* 277 Minn. 309, 152 N.W.2d 786 (1967), and there is no Sixth Amendment right to speedy appeal.

*Due Process Right to Speedy Appeal*

█ Substantial delay in processing of an appeal may constitute a denial of due process. *Smith v. State of Kansas,* 356 F.2d 654 (10th Cir. 1966), *cert. denied,* 389 U.S. 871, 88 S.Ct. 154, 19 L.Ed.2d 151 (1967); *Rivera v. Concepion,* 469 F.2d 17 (1st Cir. 1972); *United States v. Massimo,* 432 F.2d 324 (2nd Cir. 1970); *United States v. Cifarelli,* 401 F.2d 512 (2nd Cir. 1968); *Tramel v. State of Idaho,* 459 F.2d 57 (10th Cir. 1972); *Colunga v. State,* 527 S.W.2d 285 (Tex.Cr.App.1975); *Zanders v. State,* 515 S.W.2d 907 (Tex.Cr. App.1974); *Cunningham v. State,* 484 S.W.2d 906 (Tex.Cr.App.1972); *State v. Lagerquist,* 254 S.C. 501, 176 S.E.2d 141 (1970), *cert. denied,* 401 U.S. 937, 91 S.Ct. 912, 28 L.Ed.2d 216 (1971); *Isrile v. Benjamin,* No. 74, Civ. 4710 (S.D.N.Y., June 25, 1975) (Class action claim that indigent prisoners were denied their due process rights and equal protection of the law by delay of two years in proving them with trial transcripts stated a cause of action); *United States v. America Ex. Rel. Ernest Taylor v. Hon. J. W. Patterson,* 75 Civ. 6094 (S.D. N.Y., December 7, 1977). *See also Commonwealth v. Dominico,* 1 Mass.App. 693, 306 N.E.2d 835 (1974) and *Commonwealth v. Swenson,* Mass., 331 N.E.2d 893 (1975) (no constitutional right to speedy appeal but delay may rise to level of Constitutional violation).

█ Delay in processing an appeal appears analogous to pre-indictment delays in bringing a Defendant to trial because in both instances the Defendant cannot assert a violation of the Speedy Trial Clause of the Sixth Amendment, but may assert that the delay violates due process, *see United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), *United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977), *Colunga v. State,* 527 S.W.2d 285 (Tex.Cr.App.1975), and therefore the court may need to find actual prejudice resulting from the delay, in addition to considering the length and reasons for the delay. *United States v. Marion, supra; United States v. Lovasco, supra.* In rejecting the Defendant's speedy trial claim based upon a lengthy pre-indictment delay, the Supreme Court in *Marion* and *Lovasco* emphasized that "(t)he law has provided other mechanisms to guard against possible as distinguished from actual prejudice resulting from the passage of time between crime and arrest or charge." *United States v. Marion,* 404 U.S. at 322, 92 S.Ct. at 464, *supra; see United States v. Lovasco, supra* (requirement of commencing indictment when probable cause exists increases likelihood of unwarranted charges; requirement of bringing charges when Government can prove guilt beyond a reasonable doubt of one accused may prejudice Defendant or Government in conspiracy case; also, quick decision may hamper Government in making decision not to prosecute). The State of Texas has not provided any effective post-trial mechanisms to guard against possible prejudice resulting from the passage of time between sentencing and disposition of appeal.[2] A court need not make a finding of actual prejudice in order to find a denial of due process in the processing of an appeal,[3] though it must consider possible prejudice to the Defendant, the length and rea-

---

**2.** Texas has a statute requiring the preparation and transmittal of the transcript record to the Court of Criminal Appeals within 90 days of Defendants' notice of appeal, with provisions for extensions of time, but this statutory requirement appears to be universally ignored when courts are faced with a backlog of appeals awaiting preparation of the statement of facts. Article 40.09(3) Tex.Code Crim.Pro.

**3.** Even if a Defendant must show actual prejudice before a court could find a denial of due process in processing an appeal, this Defendant has made such a showing. I can think of no more compelling "actual prejudice" to a Defendant than languishing in jail while the judicial system slowly creaks to make a final determination on the indigent Defendant's guilt, innocence, Constitutional claims or conduct of the trial. Pre-indictment delays, such as those in *Marion* and *Lovasco,* did not involve imprisonment of the Defendant awaiting indictment.

sons for the delay, and whether and to what extent the Defendant demanded a speedy appeal.

■ If the court finds a violation of due process in the processing of a Defendant's appeal, the court may consider a variety of remedies, selecting the remedy most appropriate for the particular situation: (1) review of the Defendant's appeal, *Smith v. State of Kansas,* 356 F.2d 654 (10th Cir. 1966); (2) reconsideration of bail, *Morales Roque v. People of Puerto Rico,* 558 F.2d 606 (1st Cir. 1976); *Rivera v. Concepion,* 469 F.2d 17 (1st Cir. 1972); (3) damages under the Civil Rights statutes, *Rheuark v. Shaw,* 547 F.2d 1257 (5th Cir. 1976); or (4) release from prison, *Strunk v. U. S.,* 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973) (remedy for denial of speedy trial is setting aside conviction and dismissing indictment).

I will not rule on the merits of Doescher's due process claim as it is currently one of the issues pending before the Texas Court of Criminal Appeals and I have determined in Part III of this opinion that, because of comity considerations, this habeas petition should be dismissed at this time without prejudice.

### Equal Protection Claims

Those courts that recognize that a delay in processing an appeal may violate due process, also recognize that it may violate the equal protection clause as well. See, e. g., *State v. Lagerquist,* 254 S.C. 501, 176 S.E.2d 141 (1970), *cert. denied,* 401 U.S. 937, 91 S.Ct. 912, 28 L.Ed.2d 216 (1971). Doescher has attempted to show that other Defendants in the same trial court with the same court reporter had their statements of fact prepared out of order, ahead of Doescher's statement of facts, or that because of his indigent status Doescher's statement of facts was prepared after those of Defendants who paid for their statements of fact. There is no evidence of this type of discrimination in the record. The record, at most, may disclose that certain Defendants whose appeals were processed by other court reporters were processed more quickly than Doescher's and perhaps

that disparity could rise to the level of a denial of due process. *See also* by analogy *San Antonio School District v. Rodriquez,* 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973) (discrimination in financing of appellate process might be actionable). I decline to rule on the merits of Doescher's equal protection claims as they are pending as issues before the Texas Court of Criminal Appeals and I have determined in Part III of this opinion that, because of comity considerations, this habeas petition should be dismissed at this time without prejudice.

### III.

### DELAY IN PROCESSING APPEAL BEFORE TEXAS COURT OF CRIMINAL APPEALS: JUSTIFIED OR UNJUSTIFIED

■ Once an appeal is pending before a state appellate court, a federal district court should permit the appellate court a reasonable period of time to decide the Defendant's appeal. *Parker v. State of Texas,* 464 F.2d 572 (5th Cir. 1972). While *Rheuark v. Wade* requires a hearing in appropriate circumstances to determine whether a delay in processing an appeal at the trial court level is justified or unjustified, I believe *Rheuark* requires by analogy that I make a determination as to the justification for a delay that occurs in the processing of an appeal when that appeal is pending before an appellate court. *See Parker, supra.*

In *Rheuark* Rheuark filed his habeas corpus claim complaining of delay in processing his appeal in the federal court on April 21, 1976. Rheuark alleged in his petition a 14 month delay in processing his appeal, speedy trial violations and other Constitutional claims. He was convicted of armed robbery in January, 1975 and sentenced on February 10, 1975 but at the time of his habeas corpus petition he had not received a statement of facts.

His federal complaint was dismissed for failure to exhaust on April 22, 1976 and that decision was immediately appealed to the Fifth Circuit. On October 22, 1976 the Fifth Circuit reversed the District Court's

dismissal and ordered the District Court to hold a hearing to determine whether the delay in processing Rheuark's appeal was justified or unjustified.

The statement of facts was filed on January 21, 1977 and shortly thereafter the District Court, on remand, conducted an evidentiary hearing. On March 8, 1977 the District Court ruled that the delay was unjustified, and set a hearing to determine the merits of Rheuark's appeal. On September 21, 1977 the Texas Court of Criminal Appeals rendered its decision on Rheuark's state court appeal, denying him relief, and on November 28, 1977 the federal district court also denied Rheuark relief.

Doescher's situation differs from the facts in *Rheuark.* Doescher's federal petition was filed at a time when his appeal had been pending before the Texas Court of Criminal Appeals for six days (actually, only three days from the time the Court received his appeal). In *Rheuark* the petitioner's appellate papers had never been prepared and sent to the Texas Court of Criminal Appeals. At the time the Fifth Circuit considered Rheuark's appeal of the federal district court's dismissal of his petition on April 22, 1976 the matter was still pending in the state trial court awaiting completion of the statement of facts.

 Thus, Doescher's case differs from Rheuark's because Rheuark was complaining and the Fifth Circuit ruled only upon a delay in the processing of Rheuark's appeal at the trial court level, whereas Doescher is complaining of delay at the trial court *and* appellate levels. Once an appeal is pending before a state court, that court, in the interest of comity (and in the interest of not making the federal courts a substitute forum for all state court appeals), should have an opportunity to pass without undue delay on the petitioner's claims. *Layne v. Gunter,* 559 F.2d 850 (1st Cir. 1977); *Parker v. State of Texas,* 464 F.2d 572 (5th Cir. 1972); *Kelly v. Crouse,* 352 F.2d 507 (10th Cir. 1965); *United States Ex Rel. Smith v. Twomey,* 486 F.2d 736 (7th Cir. 1973). I must therefore evaluate whether the delay before the Texas Court

of Criminal Appeals was justified or unjustified, considering in my determination: (1) the length of the delay; (2) the reason or justification for the delay; (3) whether and to what extent the Defendant demanded a more rapid appeal; (4) any prejudice resulting to the Defendant by the delay; and (5) comity.

No reason or justification for the fifteen and one-half month delay in processing Defendant's appeal before the Texas Court of Criminal Appeals is present in the record, but a short delay, in most appeals, will be inevitable and I determine that as a matter of law a one year delay in processing Doescher's appeal before the Texas Court of Criminal Appeals is not an unjustified delay. I cannot, therefore, consider the merits of Doescher's state appeal (including Doescher's claimed violations of his right to speedy appeal) because, though I found the delay at the trial court level was unjustified, I found the delay at the appellate level was justified as a matter of law. *Rheuark v. Wade,* 540 F.2d 1282 (5th Cir. 1976) (Court may consider merits of Defendant's appeal only if it finds delay, which I interpret to mean in this case delay at trial court level *and* delay at appellate level, unjustified).

This case has an unusual procedural history, which must be briefly explained in order to understand my disposition of the case. The original complaint in this case was a habeas corpus action. Later this case was consolidated with similar habeas corpus cases based upon an alleged right to speedy appeal, and various claims by prisoners (including a case by Doescher) alleging violations of 42 U.S.C. § 1983 due to an alleged denial of the prisoners' rights to speedy appeal. Doescher filed a second amended complaint and amended application for habeas corpus, combining Doescher's habeas and § 1983 claims, in this consolidated action on March 28, 1978. I now determine that there is no just reason for delay in permitting Doescher to appeal from my determination in this case, because Doescher has already been subjected to extensive delay in our court system and he should be

afforded as speedy a disposition of his appeal of this decision as is possible so that if I am in error, this court or the Fifth Circuit can make a quick determination of the merits of his state court appeal (assuming the state court does not reach a decision sooner). Rule 54(b), Fed.R.Civ.Pro. Therefore I will enter judgment on Doescher's habeas claims under this cause number, and preserve Doescher's claim for damages under § 1983 in Doescher's related action, CA3–76–1336–F. To completely insulate Doescher from any possible prejudice resulting from the unusual procedural status of the case, I am entering an order in CA3–76–1336–F, as consolidated with the other cases, permitting Doescher to amend his complaint to clearly reflect that the § 1983 claims are presented in that case.

For the reasons stated above, I hereby dismiss Doescher's habeas corpus claims without prejudice for failure to exhaust because the delay in processing his appeal was, viewed as a whole, justified, but Doescher may refile if the Texas Court of Criminal Appeals acts with undue delay in processing his appeal. *Parker v. State of Texas*, 464 F.2d 572 (5th Cir. 1972).

It is so ORDERED.