Terry SMITHSON, Petitioner,

v.

Donal CAMPBELL, etc., et al., Respondents.

Civ. A. No. 3:86–1051.

United States District Court, M.D. Tennessee, Nashville Division.

Dec. 29, 1986.

Terry Smithson, pro se.

Jerry Smith, Asst. Atty. Gen., State of Tenn., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION, ORDERS AND CERTIFICATE OF PROBABLE CAUSE[*]

NEESE, Senior District Judge, Sitting by Designation and Assignment.

The petitioner Mr. Terry Smithson applied *pro se* for the federal writ of habeas corpus, claiming he is in the custody within the Tennessee Department of Corrections pursuant to the judgment of November 8, 1984 of the Criminal Court of Tennessee for its 21st Judicial District (encompassing Williamson County). He claims the existence of circumstances in relation to the Court of Criminal Appeals of Tennessee which render the corrective process of Ten-

nessee ineffective to protect his rights as a prisoner of Tennessee, 28 U.S.C. § 2254(b), and, which as such, is alleged to violate his federal-constitutional right to due process of law, but he asserts no claim that he is otherwise in such custody in violation of the federal Constitution, *see* 28 U.S.C. § 2254(a).

■ Prisoners of a state are entitled to relief on federal habeas corpus only upon allegations and proof that "their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution." *Townsend v. Sain,* 372 U.S. 293, 312, 83 S.Ct. 745, 756[9], 9 L.Ed.2d 770 (1963); 28 U.S.C. § 2254(a), *supra.* In other words, in Mr. Smithson's case, he must now be in custody under a judgment obtained through a violation of the federal Constitution before this Court may entertain his application for relief.

■ His current claim is merely that he is prevented by inordinate delay in the intermediate criminal appellate Court of Tennessee from giving the appellate courts of Tennessee the initial opportunity to pass upon and correct any violation(s) of his federal rights. Even if this allegation is proved to be true and this Court could entertain his application at this time, there is no federal-constitutional violation alleged by Mr. Smithson for this Court to consider.

A casual reading of *Way v. Crouse,* 421 F.2d 145 (10th Cir.1970), might suggest that the delay by a state court in the adjudication of a direct appeal from a judgment of conviction could amount to a denial of federal due-process. However, the authorities cited by the late Chief Judge Alfred P. Murrah therein stand for the proposition that such delay triggers merely the authority of a federal court *to* consider another federal-constitutional violation related to the obtaining of the judgment of conviction.

It appearing on preliminary consideration of the face of the petition of the applicant and the document filed therewith that he has failed to state a claim on which relief

[*] *App. dsmd.* voluntarily, Order of May 12, 1987 of 6th Cir. in no. 87–5073.

can be granted, Rule 12(b)(6), F.R.Civ.P., and that it appears plainly that he is not entitled to relief in this Court thereon, such petition hereby is

DISMISSED summarily, Rule 4, Rules —§ 2254 Cases. The clerk will so notify the petitioner and serve forthwith by certified mail copies thereof and of this order on the respondent-warden and the attorney general and reporter of Tennessee, *id.*

Should the petitioner give timely notice of an appeal from such order and judgment to be entered thereon, Rule 58(1), F.R. Civ.P., he is authorized to proceed on appeal in forma pauperis, Rule 24(a), F.R. App.P. Any such notice will be treated also as an application for a certificate of probable cause, Rule 22(b), F.R.App.P., which, in that event, will ISSUE, *id.*