46 F.3d 1133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David S. FREDERICK, Petitioner-Appellant,
v.
Russell LEIK, Classification Chief, Wisconsin Department of
Corrections, Respondent-Appellee.
 No. 93-3043.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 20, 1994.*
Decided Jan. 24, 1995.
 
 Before FAIRCHILD, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 David Frederick, an inmate in the Wisconsin correctional system, brings this action pursuant to 28 U.S.C. Sec. 2254, alleging that the application of the September 1, 1989 Wisc.Admin.Code DOC Sec. 303.14 classification rules to his March 9, 1987 convictions is prohibited by the due process clause and the ex post facto clause of the United States Constitution. Frederick acknowledges that he has not exhausted his state court remedies. See 28 U.S.C. Sec. 2254(b). However, he argues that he should be relieved of his obligation to exhaust his state court remedies because the "state court has unreasonably or without explanation failed to address" his petition for relief. See Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir.1991), cert. denied, 112 S.Ct. 1478 (1992); see also Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir.1981) (holding that where an inordinate and unjustifiable state court delay in ruling on a prisoner's petition for habeas relief occurs, the district court must address the merits of the habeas petition); accord Allen v. Duckworth, 6 F.3d 458 (7th Cir.1993), cert. denied, 114 S.Ct. 1106 (1994); Lane v. Richards, 957 F.2d 363 (7th Cir.), cert. denied, 113 S.Ct. 127 (1992); Harris v. Champion, 938 F.2d 1062 (10th Cir.1991); Hankins v. Fulcomer, 941 F.2d 246 (3rd Cir.1991); Rheuark v. Wade, 540 F.2d 1282 (5th Cir.1976); Dozie v. Cady, 430 F.2d 637, 638 (7th Cir.1970).
 
 
 2
 The test for inordinate delay is "whether [the] lengthy delay in the state court is justifiable; if it is not, then the district judge should deem remedies exhausted." Lane, 957 F.2d at 365. The district court found that although "petitioner's state court case ha[d] not proceeded in as timely a fashion as is desirable," the fourteen-month delay on the part of the state did not rise to the level of being so unjustifiable as to allow the court to waive the state exhaustion requirements. The district court found it clear from the record that "the state court has been taking action in Frederick's case and had not merely failed to act since the petition was filed. We agree with these findings and hold that the district court did not abuse its discretion, Bartone v. United States, 375 U.S. 52, 54 (1963), in dismissing Frederick's petition. Accordingly, we AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record