**UNITED STATES of America, Appellee,**

v.

**Roberto ESCOTO–NIETO, Appellant.**

**No. 23176.**

United States Court of Appeals Ninth Circuit.

Oct. 10, 1969.

**624**

———◆———

Arthur T. Anderson, of Gregorcich, Anderson & Edlefsen, San Diego, Cal., for appellant.

Edwin L. Miller, Jr., U. S. Atty., Frederick B. Holoboff, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before HAMLEY and ELY, Circuit Judges, and FERGUSON, District Judge [*].

PER CURIAM:

Roberto Escoto-Nieto appeals from his conviction on a jury verdict of smuggling into the United States from Mexico approximately 189 pounds of marihuana, in violation of 21 U.S.C. § 176a.

The marihuana was found at the border in a pick-up truck driven by defendant. The latter's defense was that on his way to work from his home in Tijuana, Mexico, to National City, California, an ac-

* The Honorable Warren J. Ferguson, United States District Judge for the Central

quaintance, learning that defendant would be late if he took a bus, loaned him the pick-up truck. Defendant testified that he did not know there was marihuana hidden in several compartments in the vehicle.

On appeal defendant advances three grounds for reversal: (1) after Government counsel told him, mistakenly but without purpose to deceive, at a pre-trial hearing, that there was no informant, counsel for defendant thought it safe to ask a Government witness, on cross-examination, whether there was an informant, only to be told in front of the jury that there must have been an informant because the license number of the pick-up truck was on a "lookout" list at the border office; (2) misconduct on the part of Government counsel in that, during cross-examination of defendant who had taken the witness stand, counsel asked him if he had been arrested in Fillmore for being drunk; and (3) misconduct on the part of Government counsel in that, in his argument to the jury, and without any basis in the evidence, counsel told the jury:

"Another thing that might enter your minds, is this the first time he has ever done this? Is this the first time? Do you think the way this kind of business is operated that he was caught the one and only time in his entire life?"

It was the Government's responsibility to correctly advise defendant, at the pre-trial hearing, whether there was an informant. It is improper to impeach credibility by showing prior arrests. It is also improper, without any basis in the record, to impeach credibility by implying prior narcotic smuggling activities. Perhaps no one of these improprieties, considered alone, would be so prejudicial as to warrant reversal. Considered together, we think that the defendant did not have a fair trial and this conviction therefore ought not to stand.

Reversed and remanded for a new trial.

District of California, sitting by designation.