Robert COURTNEY, Appellant,

v.

C. Robert SARVER, Commissioner of Corrections, State of Arkansas, Appellee.

No. 20534.

United States Court of Appeals,
Eighth Circuit.

April 12, 1971.

John Selig, Little Rock, Ark., on brief for appellant.

Ray Thornton, Atty. Gen., Little Rock, Ark., and Milton Lueken, Asst. Atty. Gen., on brief for appellee.

Before MATTHES, Chief Judge, and VAN OOSTERHOUT and LAY, Circuit Judges.

PER CURIAM.

Appellate review is sought from the district court's denial of a writ of habeas corpus filed by an Arkansas state prisoner. The petitioner asserts that the district court erred in refusing to grant relief on the grounds that (1) as an indigent he was denied the right to appeal his 1963 state conviction; (2) he was denied a fair trial when the prosecutor knowingly and falsely injected into the trial that the defendant had been in the federal penitentiary four or five times; and (3) the state trial judge refused to allow the defendant to take the stand to deny these facts since he had previously chosen to exercise his privilege to remain silent.

■ The federal district court held a hearing[1] on several issues relating to a 1956 state conviction, which the court found void because of the absence of representation by counsel and on the presently contested 1963 state conviction. The trial judge ruled that the petitioner had effective assistance of counsel in the 1963 trial. No specific finding was made as to whether the petitioner intelligently and knowingly waived his right to appeal.[2] The petitioner testified that he wanted to appeal but his lawyer told him he needed $100.00 to pay for a portion of the transcript. The petitioner claimed his lawyer then told him he could appeal after he went to the penitentiary. We note that the state did not choose to call as a witness the petitioner's 1963 counsel. Under the circumstances we remand to the trial court for further proceedings and findings as to whether under federal standards petitioner made a knowing and intelligent waiver of his right to appeal from the 1963 conviction. See Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

■ A similar deficiency in the record impedes review of the other contentions. Petitioner claims that the injection of his criminal record into the 1963 trial was so prejudicial as to constitute a denial of due process. Many courts have specified, as has this circuit, that such reference is improper and may constitute reversible error. See United States v. Wells, 431 F.2d 432 (6 Cir. 1970), cert. denied 400 U.S. 967, 91 S.Ct. 380, 27 L.Ed.2d 388; United States v. Nemeth, 430 F.2d 704 (6 Cir. 1970); United States v. Poston, 430 F.2d 706 (6 Cir. 1970); Hall v. United States, 419 F.2d 582 (5 Cir. 1969); United States v. Escoto-Nieto, 417 F.2d 623 (9 Cir. 1969); United States v. Smith, 403 F.2d 74 (6 Cir. 1968); United States v. Rudolph, 403 F.2d 805 (6 Cir. 1968); Sumrall v. United States, 360 F.2d 311 (10 Cir. 1966); Tallo v. United States, 344 F.2d 467 (1 Cir. 1965); United States v. Rinaldi, 301 F.2d 576 (2 Cir. 1962). Cf. United States v. Christian, 427 F.2d 1299 (8 Cir. 1970), cert. denied 400 U.S. 909, 91 S.Ct. 153, 27 L.Ed.2d 148; Evenson v. United States, 316 F.2d 94 (8 Cir. 1963).

Petitioner also contends that he was denied the right to testify by the trial judge. Cf. In re Oliver, 333 U.S. 257, 273, 68 S.Ct. 499, 92 L.Ed. 682 (1948); Hooley v. United States, 209 F.2d 219 (1 Cir. 1954), cert. denied 347 U.S. 953, 74 S.Ct. 678, 98 L.Ed. 1098. Whether these asserted errors amount to a constitutional deficiency of fair trial we need not here decide.

The present record is inadequate to pass on these issues. The only finding the district court made concerning the 1963 conviction was that petitioner was afforded effective assistance of counsel. This fails to encompass the asserted con-

---

1. No issue is raised on appeal as to exhaustion of state remedies. The state courts have never passed on the petitioner's claim. However, the district court noted that petitioner had filed a claim in the state court in Poinsett County, in Harrisburg, Arkansas, in 1967. Petitioner had sought an Arkansas state court hearing on two separate occasions in 1970 before proceeding in federal court. It is unfortunate that federal courts are called upon to intervene in state cases but when a state in effect closes its doors to a state prisoner and refuses to afford him due process on a habeas corpus claim, a federal court need not further delay its own process. See Barry v. Sigler, 373 F.2d 835, 838 n. 4 (8 Cir. 1967).

2. In passing on another issue the transcript shows the trial court did observe:
   "The Court has already held that the man had a good lawyer who represented him in 1963. He had the opportunity of appellate review which was discussed by his lawyer, if he had wanted it. His lawyer advised and counselled with him on it and the result was that there was no appellate review of any of those proceedings. He could have raised those questions properly during the time, which he has not done."
   We cannot conclude that the above factual statement satisfies a finding of a knowing and intelligent waiver of a defendant's right to appeal under federal standards.

stitutional deficiencies. Under these circumstances, we have no other alternative than to remand for further findings.[3] In doing so, we take note that the record below contains scant evidence concerning the points raised here. The state court transcript would be the best evidence to review the 1963 trial. If a transcript is no longer available, we suggest the court attempt to reconstruct the incidents by the defendant's own statements and the testimony of any others present at the trial. The district court is at liberty to take additional evidence to aid it in its findings.

The cause is remanded to the trial court for further proceedings.

3. In Kelley v. Everglades Drainage Dist., 319 U.S. 415, 422, 63 S.Ct. 1141, 1145, 87 L.Ed. 1485 (1943), it is said "there must be findings, stated either in the court's opinion or separately, which are sufficient to indicate the factual basis for the ultimate conclusion." See also 5 Moore, Fed. Practice ¶¶ 52.05[1] and 52.06[1] (2d ed. 1969).