**Levon BROWN a/k/a Robert Dennis, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 80–1572.**

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1981.

Decided Aug. 17, 1981.

James H. Reynolds, argued, U. S. Atty., N. D. Iowa, Cedar Rapids, Iowa, for appellee.

Patricia Knipe, Law Clerk, under the supervision of Stephen W. Cooper, argued, Neighborhood Justice Center, Inc., Saint Paul, Minn., for appellant.

Before HEANEY, HENLEY and McMILLIAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Levon Brown[1] appeals from the summary dismissal of his 28 U.S.C. § 2255 motion to vacate judgment by the District Court[2] for the Northern District of Iowa. For reversal appellant argues that the district court abused its discretion in dismissing his § 2255 motion without an evidentiary hearing. For the reasons discussed below, we affirm the order of the district court on all the issues properly raised below. Our affirmance, however, is without prejudice to appellant's claim that his defense attorney prevented him from testifying in his own defense. Appellant may raise that particular claim in a subsequent § 2255 motion if he so desires.

Appellant and Daniel Clincy[3] were found guilty by a jury of interstate transportation of a falsely made and forged security and a counterfeiting device in violation of 18 U.S.C. §§ 2, 2314. The evidence showed that appellant and Clincy were involved in a check kiting scheme. Appellant was sentenced to a total of ten years imprisonment. The convictions were affirmed on direct appeal. *United States v. Brown*, 605 F.2d 389 (8th Cir.), *cert. denied*, 444 U.S. 972, 100 S.Ct. 466, 62 L.Ed.2d 387 (1979). Appellant then filed the present § 2255 motion alleging ineffective assistance of counsel.[4] Appellant argues that he was denied effective assistance of counsel because his defense attorney prevented him from testifying in his own defense, failed to file a motion to suppress and to object to the admission of certain evidence seized as a result of an unlawful investigatory stop, and failed to adequately investigate and to call defense witnesses. The district court summarily dismissed the motion, *United States v. Brown*, No. CR 78–2008 (N.D.Iowa Apr. 29, 1980) (order), and this appeal followed.

■ Because appellant did not raise his claim that he was denied effective assistance of counsel because his defense attorney prevented him from testifying in his own defense in his § 2255 motion but in a *pro se* memorandum filed with the motion, the district court may not have considered this claim. It is unclear whether the *pro se* memorandum was attached to the § 2255 motion and supplemented the motion, thus raising additional grounds which appellant

1. Appellant is also known as Robert L. Dennis.

2. The Honorable Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa.

3. Clincy has asserted in other proceedings that he changed his name to Abdullah Shabazz.

4. Appellant also made the following claims in his § 2255 motion but did not raise them on appeal: that there was a conspiracy to tamper with one of the government exhibits and that the prosecution unfairly prevented Shabazz from testifying and exonerating appellant.

could not include in the available space provided on the § 2255 motion form, or whether the *pro se* memorandum was a separate document. In the interests of fairness and judicial economy, we affirm the district court but without prejudice to this particular claim.[5]

■ The other two claims were considered by the district court. We find no abuse of discretion in the district court's summary dismissal of these claims.

> While the general rule is that a hearing is necessary prior to the disposition of all § 2255 motions presenting factual issues, this requirement is subject to the statutory qualification that the files and records of the case may be sufficient alone to dispose of the motion where they "conclusively show that the prisoner is entitled to no relief."

*Lindhorst v. United States*, 585 F.2d 361, 364 (8th Cir. 1978), *citing Cain v. United States*, 271 F.2d 337, 338 (8th Cir. 1959) (citations omitted). In addition, "[b]efore an evidentiary hearing is required, it is necessary for a petitioner to allege facts which, if true, would entitle him [or her] to relief; merely stating unsupported conclusions will not suffice." *Woods v. United States*, 567 F.2d 861, 863 (8th Cir. 1978) (per curiam), *citing United States v. Lee*, 500 F.2d 586, 587 (8th Cir.), *cert. denied*, 419 U.S. 1003, 95 S.Ct. 322, 42 L.Ed.2d 279 (1974).

> [T]he evaluation of a petition alleging ineffective assistance of counsel involves a two-step process. The petitioner must first show that his [or her] attorney failed to exercise the customary skills and diligence that a reasonably competent attorney would exercise under similar circumstances. Second, the petitioner must demonstrate that he [or she] was materially prejudiced in the defense of his [or her] case by the actions or inactions of his [or her] counsel.

*United States v. McMillan*, 606 F.2d 245, 247 (8th Cir. 1979) (citations omitted). "The exercise of reasonable professional judgment, 'even when hindsight reveals a mistake in that judgment, does not render a lawyer ... lacking in competence in rendering his [or her] services.' There is a presumption that counsel has rendered effective assistance. To overcome the presumption, [the petitioner] 'must shoulder a heavy burden.'" *United States v. Blue Thunder*, 604 F.2d 550, 554 (8th Cir.), *cert. denied*, 444 U.S. 902, 100 S.Ct. 215, 62 L.Ed.2d 139 (1979), *citing Catches v. United States*, 582 F.2d 453, 456–57 (8th Cir. 1978) (citations omitted).

Here, the defense attorney's failure to file a motion to suppress and to object to the admission of certain evidence seized as a result of an allegedly unlawful investigatory stop was a breach of the duty to act as a reasonably competent attorney. Under the circumstances the validity of the investigatory stop was questionable. One of the police officers testified that the law enforcement officers approached the automobile (there was testimony that the automobile was in traffic but had stopped at an intersection) and asked the occupants for identification because they suspected the automobile had been stolen. The articulated grounds for this belief were the fact that the automobile had Tama County license plates, Tama County has few black residents, and the occupants of the automobile were black. This sort of information alone does not constitute the reasonable suspicion based upon objective facts necessary to justify an investigatory stop. The government argues that the law enforcement officers in fact possessed additional information, in particular a description of a possible suspect in the check kiting scheme who wore a large earring, and that appellant was in fact wearing a large earring which was clearly visible at the time the automobile

**5.** Such a claim alleges facts which, if true, would entitle appellant to relief and would require an evidentiary hearing. *Cf. Courtney v. Sarver*, 440 F.2d 1197, 1198–99 (8th Cir. 1971) (per curiam) (allegation in habeas corpus petition that defendant was denied the right to testify by trial judge). We express no opinion as to the possible merits of appellant's claim. *See also Wright v. Estelle*, 572 F.2d 1071, 1074–84 (5th Cir.) (banc) (Godbold, J., dissenting), *cert. denied*, 439 U.S. 1004, 99 S.Ct. 617, 58 L.Ed.2d 680 (1978).

was stopped. The record, however, does not indicate why the police considered the individual so described a suspect in the check kiting scheme. The description was evidently based upon witnesses who observed the police and bank personnel stop and arrest Clincy at a shopping center branch bank. There is no indication of what circumstances would have led the witnesses to connect appellant with that incident.

However, even if we assume that the investigatory stop was unlawful and the evidence seized as a result should have been suppressed, counsel's failure to file a motion to suppress and to object did not materially prejudice appellant's defense. The evidence seized was a savings account bank book in the name of Robert L. Dennis. This bank book was cumulative evidence. There was other evidence in the record, including testimony by bank personnel identifying appellant as Robert L. Dennis and describing the pattern of savings account deposits and withdrawals, which connected appellant to the savings account represented by the seized bank book.

Appellant also argues that he was denied effective assistance of counsel because his defense attorney failed to adequately investigate and to call defense witnesses. Appellant's § 2255 motion identified Mary Slaughter as a possible defense witness. Mary Slaughter was a passenger in the automobile driven by Clincy when Clincy was arrested at the shopping center branch bank. She was arrested and was later released. Several pieces of identification in the name of Robert L. Dennis found in her handbag were introduced into evidence against appellant. Appellant evidently believes that Mary Slaughter could have explained why she had these items in her possession.

Appellant, however, failed to allege any facts which would support this claim that the defense attorney failed to investigate. Moreover, as a matter of law, appellant lacked standing to challenge the introduction of evidence seized from a third party. *See Rakas v. Illinois*, 439 U.S. 128, 134, 99

S.Ct. 421, 425, 58 L.Ed.2d 387 (1978). Thus, even if we assume the defense attorney should have investigated this witness but did not, the failure to investigate could not have materially prejudiced appellant's defense.

Accordingly, the judgment of the district court is affirmed. The affirmance is without prejudice to appellant's claim that his defense attorney prevented him from testifying in his own defense.