Nathaniel WADE, Appellant,

v.

Bill ARMONTROUT, Appellee.

No. 85–1852.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1986.

Decided Aug. 12, 1986.

Edward J. Griesedick, Jr., St. Louis, Mo., for appellant.

Stephen D. Hawke, Jefferson City, Mo., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

HENLEY, Senior Circuit Judge.

Nathaniel Wade, a state prisoner, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in the district court. In his petition Wade argued that his constitutional rights were violated in the state court proceedings because (1) he was denied effective assistance of counsel; (2) the trial court abused its discretion in denying a request for continuance; (3) the indictment was insufficient; (4) there was a material variance between the indictment and the evidence at trial; and (5) there was no evidence to support his conviction as a persistent offender. The district court adopted the findings of the magistrate and held the petition was without merit and dismissed it. We affirm in part and reverse and remand in part.

On the evening of March 28, 1982 a police officer was dispatched to check out a report of prowlers at the Roadway Terminal in St. Louis, Missouri. The officer observed an individual running from the terminal lot to a station wagon. He saw the individual place something in the back of the car and then enter on the passenger side of the car. The officer stopped the car and observed approximately ninety items of assorted clothing contained in cellophane

bags scattered in the rear of the car. Roadway personnel stated that some of the clothing in the car had been stolen from the terminal. Both Wade, the driver of the car, and Willie Dean, the passenger, were arrested.

The indictment was filed on June 11, 1982, and a public defender was appointed to represent Wade. Trial was set for July 26, 1982. Five continuances were granted; four were at Wade's request. On December 15, 1982 the public defender office was granted leave to withdraw because of a conflict of interest, and the special assistant public defender office was appointed to represent Wade. On December 28, 1982 Wade's counsel entered an appearance on his behalf. Trial was set for January 18, 1983.

Counsel started working for the special assistant public defender office, her first employment as an attorney, on December 16, 1982. She had approximately three weeks to prepare the case. On the day of trial, counsel informed the court that she was not prepared to try the case because she had visited with Wade only once, had not interviewed any of the state's witnesses, and had not visited the scene of the alleged offense. The court denied the motion for continuance, but granted counsel an opportunity to interview each state witness for five minutes before the witness testified. She also had the opportunity to interrogate the arresting officer in a pretrial suppression hearing.

■ Wade argues that he had an alibi which counsel failed to present at trial. He states he was home with his mother when the theft occurred, and that his mother would testify in his defense. He alleges that the codefendant, Willie Dean, called him and asked for a ride because his car would not start, and that Dean would have testified that he (Wade) was not involved in the theft. Counsel presented no defense evidence at trial.[1]

■ Wade was found guilty of stealing, a violation of Mo.Rev.Stat. 570.040 (stealing, third offense). His conviction was affirmed on direct appeal. *State v. Wade,* 666 S.W.2d 869 (Mo.Ct.App.1984). Wade then filed a petition for writ of habeas corpus in the district court, which was dismissed. Wade appeals the dismissal of his claims and argues that we should reverse the decision of the district court, or alternatively remand the case for an evidentiary hearing. A petitioner is entitled to a hearing when the facts alleged, if true, would entitle him to relief. *Brown v. United States,* 656 F.2d 361, 363 (8th Cir.), *cert. denied,* 454 U.S. 1059, 102 S.Ct. 611, 70 L.Ed.2d 598 (1981).

■ Wade's first argument is that he was denied effective assistance of counsel because counsel was not prepared for trial, did not investigate the prosecution's case, did not investigate any defense witnesses, did not present any evidence of his alibi, and, in fact, offered no evidence at trial. The standard of review for ineffective assistance of counsel was set out by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Court recognized that the right to effective assistance of counsel is necessary to protect the funda-

---

1. There is no evidence in the record concerning this alibi claim. During oral argument on appeal the State asserted for the first time that this claim had not been exhausted because Wade had never presented the claim concerning alibi witnesses in post-trial proceedings in the state courts. In his petition for writ of habeas corpus, Wade did not set out in detail (the form requires brief statements) his argument regarding ineffective assistance of counsel. The State in its Response to Order to Show Cause expressly stated that the ineffective assistance of counsel claim had been exhausted. In his Objection to the Report and Recommendation of the Unit-

ed States Magistrate, Wade then stated his claim in greater detail, and mentioned, apparently for the first time, that there were alibi witnesses. The State failed to notify the district court that this aspect of the claim had not been exhausted. The district court, relying on the State's exhaustion statement, then adopted the report and recommendation of the magistrate. We hold that by failing to notify the district court that Wade had not exhausted this claim, the State waived the exhaustion requirement. *See Purnell v. Missouri Department of Corrections,* 753 F.2d 703, 708–10 (8th Cir.1985) (state may waive exhaustion requirement).

mental right to a fair trial. *Id.* at 684–85, 104 S.Ct. at 2063. In order to reverse a conviction on the ground that he was denied effective assistance of counsel, a defendant must show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Id.* at 687, 104 S.Ct. at 2064. Counsel's performance is held to the standard of reasonable professional assistance, and she has a duty to bring "such skill and knowledge as will render the trial a reliable adversarial testing process." *Id.* at 688, 104 S.Ct. at 2065.

■ Investigation is an essential component of the adversary process. "Because [the adversarial] testing process generally will not function properly unless defense counsel has done some investigation into the prosecution's case and into various defense strategies ... 'counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'" *Kimmelman v. Morrison,* — U.S. —, —, 106 S.Ct. 2574, 2589, 91 L.Ed.2d 305 (1986) (quoting *Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066–67).

In *Kimmelman,* the Supreme Court held that counsel's failure to conduct discovery, based on a mistaken belief that the State had an obligation to turn over inculpatory evidence, resulted in deficient performance. *Id.* at —, 106 S.Ct. at 2588–89. Here, it was not just the discovery process that counsel failed to conduct, but practically the entire investigation of the case. The apparent extent of her investigation was one prior conversation with Wade. This failure to investigate was not the result of strategy or a reasonable decision not to investigate, but rather from a lack of preparation. Counsel failed to act as a reasonable professional assistant and her failure to investigate made the adversarial testing process unreliable. It still must be determined, however, whether prejudice resulted.

The State argues that there was no showing of prejudice because the record shows that counsel vigorously represented Wade and was familiar with the facts. It also states that there is no allegation that evidence existed which defense counsel did not discover for use at trial. The last argument is clearly erroneous since Wade alleges that alibi witnesses existed, but were never called at trial. His claim, if true, would entitle him to relief, and therefore it should not have been dismissed. Since there is no evidence in the record concerning alibi witnesses, we cannot make a determination of whether prejudice does in fact exist. This issue is remanded to the district court so that an evidentiary hearing may be held.[2]

■ In a related claim, Wade argues that the district court erred in holding that the trial court's denial of his motion for continuance was not an abuse of discretion.[3] Wade's counsel had requested the continuance because she was not prepared for trial. Since this is not a direct appeal, Wade must show that the denial of continuance was so egregious that it was fundamentally unfair. The State argues that the trial court properly denied the motion because Missouri law states that if counsel had an adequate time to prepare for trial, then the fact that defense counsel is not prepared is not grounds for a continuance. *See State v. Belleville,* 362 S.W.2d 77, 80 (Mo.Ct.App.1962). Nevertheless, the denial of a motion for continuance is fundamentally unfair when it results in a denial of a defendant's constitutional rights. Here, it appears that the denial of the motion may have denied Wade his right to a fair trial since his attorney failed to adequately investigate the case and this may have prejudiced his defense. We remand this issue to

---

2. The record does not indicate why counsel was unprepared for trial. There may have been several legitimate reasons. The reasons, however, are not an issue in this case. Our only concern is whether the lack of proper investigation denied Wade his right to effective assistance of counsel.

3. Although four prior continuances had been granted to the public defender office, only one continuance had been requested by the special assistant public defender office, a separate and distinct office, and it was denied.

the district court so that it may consider it in conjunction with the ineffective assistance of counsel claim.

■ Wade's next claim is that the State presented no evidence at trial to show that he was a persistent offender. The district court stated that this claim was without merit since a supplemental trial transcript showed that a hearing during the trial had been held on this issue, that both Wade and his attorney were present at the hearing, that evidence had been produced showing that Wade had three prior convictions, and that Wade did not deny the truth of these charges. Since Wade fails to dispute, or for that matter even mention, the evidence cited by the district court, we affirm the dismissal of this claim. The last two claims, concerning the sufficiency of the indictment and an alleged material variance between the charge in the indictment and the proof at trial, are without merit, and we affirm their dismissal.

In sum, the claims regarding ineffective assistance of counsel and denial of continuance are remanded to the district court so that an evidentiary hearing may be held. In all other respects the judgment of the district court is affirmed.