**Robert Ross WHITE, Appellant,**

v.

**A.L. LOCKHART, Director Arkansas Department of Corrections, Appellee.**

No. 87–2048.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1988.

Decided Sept. 27, 1988.

Robert L. Baker, Little Rock, Ark., for appellant.

J. Brent Standridge, Little Rock, Ark., for appellee.

Before JOHN R. GIBSON and BOWMAN, Circuit Judges, and STUART,[*] Senior District Judge.

JOHN R. GIBSON, Circuit Judge.

Robert Ross White, an Arkansas state prisoner, appeals the district court's[1] dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Because we are convinced that the only issue before us, the failure to grant a continuance, is not constitutional error, we affirm.

While on parole in 1984, White was charged as a repeat offender with second-degree forgery by writing to himself a check for $215.01 on the account of "Happy House Shoes." During in-chamber proceedings just before his bifurcated trial commenced, White indicated that he had not discussed his case with the public defender representing him, that his witnesses were not present for the trial because his attorney had failed to contact them, and that he wanted a continuance and another attorney. The court denied the continuance.

At trial, a supermarket cashier testified that a man, whom she identified as White, had presented a Happy House check to be cashed, along with a driver's license bearing his photograph, and that she questioned him and kept the check and license because she had just learned that some Happy House checks had been stolen. A police officer testified that a few days later he interviewed White, who gave a statement admitting he attempted to pass the check. The defense presented no evidence.

While the jury deliberated White's punishment after returning a guilty verdict, the court conducted a parole revocation

---

[*] The HONORABLE WILLIAM C. STUART, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable Garnett Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

hearing and found White guilty of parole violation. Sentence on the forgery conviction was subsequently set at twenty years imprisonment, with a concurrent sentence of two years on the parole revocation.

After exhausting his state court remedies, White filed this federal habeas petition listing four grounds for relief. First, White alleges that the prosecution failed to disclose exculpatory evidence by withholding the fact that he had reported the theft of his wallet and identification documents several weeks before his arrest. Second, he maintains that the parole revocation proceedings, conducted without prior notice and at the same time as his forgery trial, violated the double jeopardy clause. Third, he asserts that he was arrested, searched, and jailed without an arrest warrant or probable cause. Fourth, he contends that he suffered prejudice when the trial court denied him a continuance in order to obtain previously requested defense witnesses.

■ We believe the district court correctly concluded that White is procedurally barred from raising the first three of these claims by his failure to properly raise them in the Arkansas state courts. Further habeas review of these claims is unavailable because White has not alleged facts establishing cause for these defaults and resulting prejudice. *See Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

■ With regard to White's fourth claim, a trial court enjoys broad discretion in ruling on matters of continuances. *See, e.g., Morris v. Slappy,* 461 U.S. 1, 11, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610 (1983); *Urquhart v. Lockhart,* 726 F.2d 1316, 1319 (8th Cir.1984). "[O]nly an unreasoning and arbitrary 'insistence upon expeditiousness in the face of justifiable request for delay'" rises to the level of a constitutional violation. *Slappy,* 461 U.S. at 11–12, 103 S.Ct. at 1616–17 (quoting *Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964)). In order to prevail, White must show that in denying his request for a continuance the district court acted in a manner "so egregious that it was

fundamentally unfair." *See Wade v. Armontrout,* 798 F.2d 304, 307 (8th Cir.1986).

■ Upon our review of the record, the denial of the continuance here appears to have been hasty. Whether the denial was so arbitrary as to violate due process depends, however, upon the circumstances of the case and, in particular, upon the reasons which White presented to the trial judge at the time his request was denied. *See Ungar,* 376 U.S. at 589, 84 S.Ct. at 849. On the day of the trial White requested a continuance and appointment of another attorney without presenting compelling, factually explicit reasons to justify the delay. He expressed dissatisfaction that his attorney had not contacted the witnesses he wanted to call, but he told the trial court nothing of what the witnesses' testimony would be. The district court pointed out that White had not spelled out the names or anticipated testimony of the "prior requested witnesses," nor had he informed the trial court of the names or complete residences of the witnesses. Before this court, the high-water mark of White's position is the statement in his brief that "perhaps these unidentified witnesses who were not called to trial would have been exculpatory." White thus has never alleged, even in this appeal, the substance of the witnesses' expected testimony or its relevance to his defense. *Cf. Wade,* 798 F.2d 304 (habeas claims based on counsel's failure to investigate and denial of continuance remanded for evidentiary hearing; existence of alibi witnesses, apparently never raised in state court, was mentioned in objections to magistrate's recommended disposition and detailed on appeal). Under these circumstances, we cannot say that the trial court committed constitutional error in denying the motion for continuance. *See Loggins v. Frey,* 786 F.2d 364, 367 (8th Cir.), *cert. denied,* 479 U.S. 842, 107 S.Ct. 153, 93 L.Ed.2d 93 (1986).

Finally, we hold that White's claim of ineffective assistance with regard to plea negotiations, raised for the first time on appeal, is without merit.

Accordingly, the judgment of the district court is affirmed.