936 F.2d 583
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Douglas RUBINS, Plaintiff-Appellant,
v.
G. ROETKER, B. Lucero, J. Singleton, C. Chaddick, C. Pohl,
M. Martinez, J. Casserly and R. Thurlow,
Defendants-Appellees.
 No. 90-1175.
 United States Court of Appeals, Tenth Circuit.
 June 14, 1991.
 
 Before LOGAN, SEYMOUR and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Douglas Rubins appeals the district court's dismissal of his civil rights action, alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff has made a request that his motion to proceed in forma pauperis be referred to a three judge panel and acted upon without oral argument. We grant both the motion to submit and the right to proceed in forma pauperis.[1]
 
 
 3
 Plaintiff is an inmate in a state prison in Colorado. He alleges that several prison officials and guards choked him, beat him, pulled his hair until he dropped to the ground, stabbed him with pointed metal objects, and repeatedly "burned" him with stun guns. He alleges that the incident occurred after he had agreed to be transported peacefully from a holding cell with his hands cuffed behind his back and while he was complying with the guards' orders. He further alleges that the guard brutality caused him severe pain and injuries, including multiple burns, cuts, and a partially injured neck.
 
 
 4
 Defendant prison guards and officials admit that there was a struggle and that they had to use a stun gun on plaintiff. However, they present a version of the incident in which plaintiff was raising such a ruckus and was so combatant that the force applied was necessary to subdue and transport him. They also dispute the degree of force or injury alleged by plaintiff.
 
 
 5
 The district court referred the matter to a magistrate to evaluate plaintiff's complaint, pursuant to 28 U.S.C. Sec. 636(b)(1)(B). The magistrate took the oral testimony of the plaintiff and two of the defendants. After this hearing, the magistrate found the defendants' version of the facts more credible, determined that defendants' actions did not constitute cruel and unusual punishment, and recommended dismissal of the complaint under Fed.R.Civ.P. 12(b)(6). The district court reviewed the magistrate's findings and recommendation de novo, and adopted them. The district court based its decision on the magistrate's "evaluation of the witnesses' credibility." Order of May 23, 1990, at 5. In adopting the magistrate's recommendation, the court stated, "Because the Magistrate had the opportunity to evaluate the plaintiff's and the defendants' credibility during an evidentiary hearing, I find the defendants' version to be the more credible and therefore refuse to accept the plaintiff's version of the facts." Id. at 7.
 
 
 6
 On appeal, plaintiff argues that he has been subjected to cruel and unusual punishment, that genuine issues of material fact were improperly resolved by the magistrate at the hearing, and that he is entitled to a jury trial. He also contends he has stated a cause of action that defendants were engaged in a conspiracy to inflict cruel and unusual punishment on him and to fabricate evidence against him in a state court proceeding that may result in his unwarranted discipline.
 
 
 7
 As to plaintiff's allegations of a conspiracy to file false affidavits and to cause him to be punished by a state court proceeding that is apparently now ongoing, we agree with the district court that plaintiff is in essence attempting to have the federal court interfere with the state proceedings. The truth or falsity of the claims against plaintiff will be determined in the state court proceedings, and until plaintiff has more of a basis than the conclusory allegations he has made in this suit, there is no viable claim that could be submitted.
 
 
 8
 A magistrate's authority to resolve disputed issues of fact in a prisoner's civil rights suit pursuant to a 28 U.S.C. Sec. 636(b)(1)(B) referral has been addressed recently by the Supreme Court. In McCarthy v. Bronson, 59 U.S.L.W. 4441 (U.S. May 21, 1991), the Court held that the district court may refer to the magistrate cases alleging specific acts of unconstitutional conduct by prison officials. If plaintiff has waived his right to a jury trial, the magistrate may conduct evidentiary hearings and submit to the district court proposed fact findings and recommended disposition of the case. Id. at 4443. Although plaintiff asserts that he is entitled to a jury trial he made no proper demand for one as required by Fed.R.Civ.P. 38(b), and, therefore, must be considered to have waived any right to a jury determination of the issues. Thus, McCarthy is controlling here.
 
 
 9
 Because the magistrate's evidentiary hearing was essentially like a trial on the disputed facts, we have carefully reviewed the record, including tapes of the proceedings, to determine whether plaintiff received due process. Plaintiff suggests on appeal that he had witnesses to present at the hearing but was not allowed to do so. At the hearing, plaintiff said at first that he had no witnesses. Later during the hearing, he told the magistrate that he had several witnesses to call but refused to state their names, citing their fears of retaliation as a reason for anonymity. Even on appeal, plaintiff refers to the witnesses as "John Doe," "Jerry Doe, James Doe, and Jake Doe." Appellant's Opening Brief at 13, 15. We will not require reopening of the hearing because of the possibility that some unidentified witnesses might now have testimony to support plaintiff's version of the facts. Plaintiff had a duty to call his witnesses at the time of the hearing and to provide both the magistrate and defendants at least the names of the witnesses. See White v. Lockhart, 857 F.2d 1218, 1220 (8th Cir.1988) (criminal defendant not entitled to continuance when he failed to identify the names and anticipated testimony of witnesses he wished to call); United States v. Hemphill, 369 F.2d 539, 542 (4th Cir.1966) (qualified privilege must yield shortly before and during trial when fairness requires Secretary of Labor to furnish lists of prospective witnesses and their statements).
 
 
 10
 Furthermore, the magistrate allowed plaintiff considerable latitude in cross-examining defendants, despite plaintiff's unfamiliarity with the rules of evidence, and permitted plaintiff to submit several exhibits. The magistrate carefully considered all the testimony and exhibits, and the district court reviewed the evidence de novo before adopting the magistrate's fact findings and proposed disposition. See 28 U.S.C. Sec. 636(b)(1).
 
 
 11
 We do not dispute plaintiff's contention that he raised genuine issues of material fact before the magistrate. However, once the magistrate resolved the factual issues on a full and fair hearing of the evidence and the district court adopted the magistrate's fact findings on de novo review, we review the fact findings only for clear error. There is ample evidence in the record to support defendants' version of the facts. Under defendants' account, the force applied was limited to the amount necessary to restrain plaintiff, who was creating a disturbance and physically assaulted prison officials. See Sampley v. Ruettgers, 704 F.2d 491, 495 (10th Cir.1983) (plaintiff's constitutional rights violated only when force used was more than reasonably necessary at the time to restore discipline). Moreover, the magistrate found that plaintiff had not suffered severe pain or lasting injury. See id. (prison guard's use of force constitutes cruel and unusual punishment only when it results in severe pain or lasting injury).
 
 
 12
 For the reasons stated, we affirm the district court's adoption of the magistrate's findings, on which plaintiff's claim of cruel and unusual punishment fails. Although the magistrate recommended dismissal pursuant to Fed.R.Civ.P. 12(b)(6), in which the court's inquiry is to be limited to the pleadings and, in certain instances, materials considered to be attached to the pleadings, Fed.R.Civ.P. 12(b); Hall v. Bellmon, No. 90-6326, slip op. at 5, 11-13 (10th Cir. June 3, 1991), we do not read the district court's order to be on that ground. The hearing before the magistrate pursuant to 28 U.S.C. Sec. 636(b)(1)(B) was, in this case, essentially a trial on the disputed facts, and the court's acceptance of those findings after review was a judgment on the merits of the cause in the same sense as if it had been a trial to the court.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We accept plaintiff's late filing of a reply brief and addendum