# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2169

_____

United States of America,

        Appellee,

v.

Jose Mauricio Bonilla-Siciliano,

        Appellant.

       Appeal from the United States
District Court for the
Western District of Missouri.

_____

Submitted: January 14, 2011
Filed: July 5, 2011

_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Jose Bonilla-Siciliano was convicted of illegal reentry by an alien who was previously deported, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The district court[1] sentenced him to 70 months' imprisonment. Bonilla-Siciliano appeals the district court's refusal to allow him to present a defense of necessity, and the court's denial of his purported request for a continuance. We affirm.

_____

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

I.

A grand jury charged Bonilla-Siciliano with one count of illegal reentry. Prior to jury selection, Bonilla-Siciliano advised the court that he wanted to present a defense that his conduct was justified or excused by necessity. After hearing a summary of the proposed defense, the court agreed to allow an offer of proof later in the proceedings. The court noted that the defense did not sound meritorious and likely would require additional witnesses that had not been noticed for trial. Bonilla-Siciliano responded: "You have waited 20 months to begin, sir, and now all of a sudden I don't have no time to prepare any witnesses and stuff? I think that's kind of negligence." The court stated that any negligence was the result of Bonilla-Siciliano's failure to communicate with his lawyer, and then commenced voir dire.

After the government rested its case, Bonilla-Siciliano testified as part of an offer of proof for the proposed necessity defense. He testified that he faced danger in El Salvador from the government and gang members because of his tattoos indicating membership in a gang. He submitted an article from *The Washington Post*, which reported that "[f]ormer and current gang members complain that police take them into custody simply for having tattoos." He presented documentation showing that he had attempted to remove the tattoos, but testified that he was unable to do so because of problems with his skin. Bonilla-Siciliano testified that he could not go elsewhere, because Canada was not accepting immigrants, and he also faced danger in Mexico, Guatemala, Columbia, and Venezuela as a result of his tattoos.

The district court concluded that Bonilla-Siciliano had "failed to provide sufficient facts by a preponderance of the evidence to support the submission of this defense." The jury returned a verdict of guilty, and the court sentenced him to 70 months' imprisonment.

-2-

II.

Bonilla-Siciliano first argues that the district court erred in preventing him from presenting a defense of necessity. We review *de novo* whether there was sufficient evidence to submit a defense of necessity to a jury. *United States v. El-Alamin*, 574 F.3d 915, 925 (8th Cir. 2009). To establish this defense, Bonilla-Siciliano must show an "underlying evidentiary foundation" for each of the following elements:

> 1) [that] he was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury; 2) that he had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to commit a criminal act; 3) that he had no reasonable, legal alternative to violating the law; and 4) that a direct causal relationship may be reasonably anticipated between the commission of the criminal act and the avoidance of the threatened harm.

*Id.* (internal quotation omitted). Although the district court arguably erred by applying a preponderance of the evidence standard in this inquiry, *cf. United States v. Jankowski*, 194 F.3d 878, 882-83 (8th Cir. 1999), we nonetheless affirm, because Bonilla-Siciliano failed to make a *prima facie* showing for at least the first and third elements.

On the first prong, generalized fears are insufficient to establish an imminent threat of harm; rather, a "defendant must show that a real and specific threat existed." *United States v. Hudson*, 414 F.3d 931, 933 (8th Cir. 2005). Because Bonilla-Siciliano failed to identify any specific threat to his safety, and relied only on a generalized fear of harm from the government and gang members, he did not make a *prima facie* showing on the first element. As to the third element, Bonilla-Siciliano cannot show that he lacked a reasonable, legal alternative to illegally reentering the United States, because he did not exclude the option of going to a country other than

-3-

the United States or the handful of others that he stated were dangerous. *See United States v. Polanco-Gomez*, 841 F.2d 235, 238 (8th Cir. 1988). For these reasons, the district court was correct to rule as a matter of law that he was not entitled to present a necessity defense.

Bonilla-Siciliano next contends that the district court erred in denying his purported request for a continuance. He asserts that this denial violated his constitutional rights by interfering with his ability to present a complete defense. A district court has broad discretion in deciding whether to grant a continuance, and a constitutional violation occurs only where the court exhibits "an unreasoning and arbitrary insistence upon expeditiousness in the face of justifiable request for delay." *White v. Lockhart*, 857 F.2d 1218, 1220 (8th Cir. 1988) (internal quotations omitted). To prevail, Bonilla-Siciliano must establish that the court's decision was "so egregious that it was fundamentally unfair." *Id.* (internal quotations omitted).

Bonilla-Siciliano did not expressly request a continuance. He relies on his comment on the morning of trial suggesting that the court was negligent in not allowing him time to prepare witnesses. Assuming for the sake of argument that this comment should be construed as a motion to continue, the court's decision to proceed to trial was not unreasonable or an abuse of discretion. The case had been pending for many months, and Bonilla-Siciliano had ample time to organize a defense. In the colloquy on the morning of trial, he identified no potential witnesses or expected testimony and gave no other reason to justify a delay. The court did allow Bonilla-Siciliano to make an offer of proof through his own testimony and exhibits. Under these circumstances, we conclude the court's conduct was not egregious or fundamentally unfair.

\* \* \*

The judgment of the district court is affirmed.

_____