# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2660
No. 11-2662

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of South Dakota. |
| | * | |
| Thomas R. Kelley, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 14, 2012
Filed: June 6, 2012

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.


After a four-month, multi-state search, federal agents arrested Thomas R. Kelley in Minnesota for failure to appear at his sentencing hearing. A jury convicted him of violating 18 U.S.C. §§ 3146(a)(1), 3146(b)(1)(A)(i), and 3146(b)(2). Kelley appeals the denial of his motions for continuance and a judgment of acquittal. This court affirms.

On his trial date, Kelley, pro se, moved for a continuance as part of his "Motions in Limine." The district court has "broad discretion" to grant or deny a continuance request, and a continuance requires a "compelling reason." *United States v. Jones*, 643 F.3d 275, 277 (8th Cir. 2011). A denial is reviewed for an abuse of discretion. *United States v. Joos*, 638 F.3d 581, 586 (8th Cir. 2011) (evaluating counsel's preparation time, counsel's preparedness (as evidenced by counsel's conduct at trial), and whether the denial prejudiced the defendant).

Kelley's first basis for a continuance was to employ a "constitutional lawyer." Orally, he claimed inadequate time to personally review 1,500 pages of legal materials and conference with his standby counsel. Kelley had three months to prepare for trial with the assistance of standby counsel. A week before trial, Kelley discharged a previous standby counsel, who was immediately replaced. Kelley has not shown that he and his standby counsel were not sufficiently prepared, as each participated in Kelley's defense at trial.

Kelley's second basis for a continuance was that he had not received law enforcement reports about the search and seizure of his property. Kelley notes his previous standby counsel may have received the reports. The government notes Kelley had access to all discoverable materials, but the record does not explicitly indicate his receipt of the reports.

Kelley did not present a compelling reason for delay, and he has not shown that the district court's denial was "so egregious" as to be "fundamentally unfair." *See United States v. Bonilla-Siciliano*, 643 F.3d 589, 591 (8th Cir. 2011). The district court[1] did not abuse its discretion in denying his continuance.

---

[1] The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, Southern Division.

Kelley moved for a judgment of acquittal, claiming the government did not prove his knowing and willful failure to appear. Denial of that motion is reviewed de novo. *United States v. El Herman*, 583 F.3d 576, 579 (8th Cir. 2009). This court reverses only if the evidence, viewed most favorably to the verdict, could not support the verdict. *United States v. Worman*, 622 F.3d 969, 977 (8th Cir. 2010).

Kelley's sentencing hearing was scheduled for August 23, 2010. On August 18, he hand-delivered several documents to the court clerk. Kelley said he expected notice of a new sentencing date because he had raised issues warranting postponement. Learning of the warrant for his arrest, Kelley claims he fled to Minnesota in fear.

The evidence supports a finding that Kelley knowingly and willfully failed to appear. On June 29, the paralegal to his standby counsel e-mailed Kelley's account about the sentencing date. That e-mail was forwarded from Kelley's account with an "I'm free another 20 days!" message signed by "T." Moreover, standby counsel testified that he communicated with Kelley via that account after June 29. When Kelley fled to rural Minnesota, he lived in a motor home parked inside a Quonset-type structure. There, law enforcement found letters and a newspaper article about his failure to appear. Kelley also had a printout of a wanted poster indicating his fugitive status. According to the record, Kelley did not try to inform the court of his location or explain his failure to appear.

The judgment of the district court is affirmed. *See* 8th Cir. R. 47B.

_____